994 F.2d 1462
 72 A.F.T.R.2d 93-5175, 61 USLW 2783,
Bankr. L. Rep. P 75,303
 In re Alfred L. CISNEROS; In re Colleen Collins Cisneros, Debtors.
Alfred L. CISNEROS; Colleen Collins Cisneros, Appellants,
v.
UNITED STATES of America; Department of Treasury; Internal
Revenue Service, Appellees.
 No. 91-55883.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Feb. 3, 1993.
Decided June 8, 1993.
 
 A. Lavar Taylor, Burd & Marshack, Santa Ana, CA, for appellants.
 Gary D. Gray, Tax Div., U.S. Dept. of Justice, Washington, DC, for appellees.
 Appeal from the Ninth Circuit Bankruptcy Appellate Panel.
 Before: HUG, SKOPIL, and O'SCANNLAIN, Circuit Judges.
 O'SCANNLAIN, Circuit Judge:
 
 
 1
 We decide whether a bankruptcy court may vacate its order of discharge entered in a Chapter 13 proceeding because of a mistake of fact.
 
 
 2
 * Alfred and Colleen Cisneros ("the Debtors") filed for personal bankruptcy under Chapter 13 on August 6, 1987. A payment plan ("the Plan") was confirmed shortly thereafter, under which the Debtors were to pay $4,320 per month to the Chapter 13 trustee (the "Trustee") for a period of fifty-three months. Of this amount, the Trustee was to pay over $3,388 to the Internal Revenue Service each month for the duration of the Plan.
 
 
 3
 In the Bankruptcy Court for the Central District of California, routine practice apparently calls for the clerk's office to notify the trustee in a Chapter 13 case of all timely filed proofs of claim. The IRS filed such a proof of claim in the Debtors' bankruptcy case, but, for reasons that remain obscure, the Trustee did not receive notice of this fact. The Debtors made their scheduled payments for a period of sixteen months, and the Trustee distributed the funds to all creditors that, so far as she was aware, had filed proofs of claim. Neither the Trustee nor the Debtors ever inquired of the clerk's office whether the IRS had filed a proof of claim, even though the Debtors' outstanding tax debt was by far the most significant of their prepetition obligations. For its part, the IRS never inquired of the Trustee or the Debtors why it was not receiving payment on account of the Debtors' tax liability, even though that liability was substantial by any measure.
 
 
 4
 At the end of sixteen months, the Trustee issued a Final Report and Accounting representing to the bankruptcy court that all creditors that had filed proofs of claim had been paid in full. In reliance on this representation, the bankruptcy court granted Debtors a "full compliance" discharge under section 1328(a)[1] on June 9, 1989. No hearing was held on the matter, and the IRS received no notice of the court's intent to grant a discharge.
 
 
 5
 The Debtors thereafter contacted the IRS and requested abatement of the prepetition tax assessment on the grounds that their tax liabilities had been discharged in bankruptcy. Not surprisingly, the IRS refused this request. The parties apparently conferred by telephone and letter during June and July of 1989, but were unable to agree on how to resolve the situation. Nothing further was done by either side until February 1990, when the government filed a motion in the bankruptcy court asking the court to reopen the Debtors' Chapter 13 case under section 350 and to vacate its previous order of discharge. The government predicated its request for relief on the fact that the Debtors had not completed "all payments required under the plan," and were therefore not entitled to a full compliance discharge under section 1328(a).
 
 
 6
 A hearing was held on April 19, 1990, at which time the bankruptcy court sua sponte raised the issue of whether it could vacate the discharge order on the basis of Federal Rule of Civil Procedure 60(b). After supplemental briefing on this question, the court issued a decision granting the government's motion. The Bankruptcy Appellate Panel ("BAP") affirmed by memorandum. This appeal follows. We have jurisdiction under 28 U.S.C. § 158(d), and we affirm.
 
 II
 
 7
 Decisions of the BAP are reviewed de novo. In re Dewalt, 961 F.2d 848, 850 (9th Cir.1992); In re Two S Corp., 875 F.2d 240, 242 (9th Cir.1989). The bankruptcy court's findings of fact are reviewed by this court for clear error, its conclusions of law considered de novo. 28 U.S.C. § 157(b)(1) (1988); In re Professional Inv. Properties of America, 955 F.2d 623, 626 (9th Cir.), cert. denied, --- U.S. ----, 113 S.Ct. 63, 121 L.Ed.2d 31 (1992); In re Jogert, Inc., 950 F.2d 1498, 1501-02 (9th Cir.1991). The bankruptcy court's decision whether or not to reopen a case under section 350 is reviewed for abuse of discretion. In re Herzig, 96 B.R. 264, 266 (9th Cir. BAP 1989).
 
 III
 
 8
 * The source of the bankruptcy court's power to reopen a closed case is section 350(b). This section gives the court discretion to reopen a case "to administer assets, to accord relief to the debtor, or for other cause." The primary issue in this appeal is whether the bankruptcy court had legal authority to vacate its discharge order. If the court lacked such authority, then there could have been no valid "cause" for reopening the case. On the other hand, if the court did have such authority, then the only remaining question is whether it was exercised without abuse of discretion.
 
 
 9
 The bankruptcy court relied upon Federal Rule of Civil Procedure 60(b)(1) in vacating its discharge order. In relevant part, the rule states:
 
 
 10
 On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for ... reasons [of] mistake, inadvertence, surprise, or excusable neglect.... The motion shall be made within a reasonable time and ... not more than one year after the judgment, order, or proceeding was entered or taken.
 
 
 11
 This rule is made applicable to bankruptcy proceedings by Bankruptcy Rule 9024, as follows:
 
 
 12
 Rule 60 applies in cases under the Code except that (1) a motion to reopen a case under the Code ... is not subject to the one year limitation prescribed in Rule 60(b)....
 
 
 13
 The Debtors argue that it was error for the bankruptcy court to apply Rule 60(b)(1) under the circumstances. They maintain that any power the bankruptcy court may enjoy to vacate a discharge order entered because of a mistake of fact is limited by the express terms of section 1328(e). This section provides:
 
 
 14
 On request of a party in interest before one year after discharge under this section is granted, and after notice and a hearing, the court may revoke such discharge only if--
 
 
 15
 (1) such discharge was obtained by the debtor through fraud; and
 
 
 16
 (2) the requesting party did not know of such fraud until after such discharge was granted.
 
 
 17
 (emphasis supplied). The Debtors draw our attention to the emphasized language, arguing that, once a "full compliance" discharge is granted under section 1328(a), it simply cannot be taken away absent a showing that it was procured by fraud on the part of the debtor.[2] The Debtors thus contend that to the extent Bankruptcy Rule 9024, through its incorporation of Federal Rule of Civil Procedure 60(b)(1), appears to provide grounds other than those specified in section 1328(e) on which to revoke a discharge, the rule is in conflict with the statute and must yield to it. Put another way, the Debtors argue that in vacating the discharge order pursuant to Rule 9024, the bankruptcy court violated the express terms of section 1328(e).
 
 
 18
 If the bankruptcy rule and the Code itself are indeed in conflict, then the Debtors are clearly correct--the statute must take precedence. See, e.g., In re Cleveland, 89 B.R. 69, 72 (9th Cir. BAP 1988). The statute pursuant to which the bankruptcy rules are promulgated by the Supreme Court specifically provides that the rules "shall not abridge, enlarge or modify any substantive right." 28 U.S.C. § 2075. The Debtors argue that section 1328(e) conferred upon them a substantive right not to have their discharge revoked unless they obtained it by fraud. This right, they claim, was "abridged" by the bankruptcy court's action under Rule 9024.
 
 
 19
 We cannot agree with the Debtors' analysis. To begin, we note that it is by no means apparent why the Debtors should be permitted to invoke any rights established by section 1328(e) given that they never satisfied the statutory requirements for earning such rights. Section 1328(a) mandates the granting of a "full compliance" discharge "after completion by the debtor of all payments under the plan...." The Debtors have not met this condition, and so cannot claim any right to the discharge granted them. The bankruptcy court is, after all, a court of equity, and it strikes us as anomalous in this context to say that the Debtors have a right to retain that which they had no right to receive in the first place.[3]
 
 
 20
 More to the point, the Debtors have suggested no reason to believe that Congress intended section 1328(e) to prevent the bankruptcy court from correcting its own mistakes. That this section specifies that a discharge may be revoked "only" for fraud may be explained, we think, as a means of emphasizing that other grounds for revocation--whether general equitable principles or some reason set forth in section 727(d), which governs revocation of a discharge granted in a Chapter 7 proceeding--are not to be imported into the Chapter 13 context.
 
 
 21
 Section 1328(e) therefore does not conflict with Rule 9024 as applied by the bankruptcy court. A Chapter 13 debtor's right to have his discharge revoked only for fraud (and not on general equitable grounds or for some reason that would justify revocation of a Chapter 7 discharge) is in no way infringed when a court vacates an order of discharge entered by mistake. The bankruptcy court and the BAP therefore properly rejected the Debtors' argument that section 1328(e) serves to limit the power conferred upon the court by Rule 60(b) through Bankruptcy Rule 9024.
 
 B
 
 22
 It remains to ask whether these rules in fact authorized the bankruptcy court to vacate its discharge order in the case at hand. The court reasoned that "the discharge order was entered under a mistake of fact and under Rule 9024 I have the power to review that order sua sponte." The plain language of Rule 60(b) and Bankruptcy Rule 9024 appears to support the court's understanding of its authority. See In re Lenox, 902 F.2d 737, 739-40 (9th Cir.1990) ("[B]ankruptcy courts, as courts of equity, have the power to reconsider, modify or vacate their previous orders so long as no intervening rights have become vested in reliance on the orders. This power has been formalized in Bankruptcy Rule 9024, which makes Federal Rule of Civil Procedure 60 applicable to bankruptcy cases.") (citations omitted).[4]
 
 
 23
 The Debtors contend, however, that the "mistake" that prompted the entry of the order of discharge was made by the Trustee, and is not attributable to the bankruptcy court.[5] They argue that the bankruptcy court itself committed no mistake, since the court acted properly in granting the discharge on the basis of the information presented for its consideration.
 
 
 24
 By characterizing matters in this fashion, the Debtors seek to bring this case within the reach of our decision in Matter of Gregory, 705 F.2d 1118 (9th Cir.1983). The effort is unavailing. In Gregory we held that a creditor's failure to object to the confirmation of a Chapter 13 plan at the confirmation hearing or to appeal from the order confirming the plan precluded the creditor from mounting a collateral attack on the plan after it became final. We had no occasion to consider whether the bankruptcy court had confirmed the plan under the influence of a mistaken view of the facts, and, if so, whether this mistake could have been corrected under Rule 60(b) and Bankruptcy Rule 9024. Gregory is inapposite, and thus unhelpful to the Debtors here.
 
 
 25
 In any event, we reject the Debtors' suggestion that the bankruptcy court itself "acted properly" in granting their discharge, and that there is therefore no basis for relief under Rule 60(b). We acknowledge that the problems that have arisen in this case are ultimately attributable to the failure of the Trustee to learn that the IRS had filed a proof of claim. For present purposes, however, this is immaterial. The order of discharge was entered by the bankruptcy court under a misapprehension as to the facts of the case. Had the court been apprised of the actual facts, it would never have entered the order. In our view, this is precisely the sort of "mistake" or "inadvertence" that Rule 60(b) was intended to reach. Since "no intervening rights have become vested in reliance on the order[ ]," Lenox, 902 F.2d at 740, there is no obstacle to the bankruptcy court's invocation of the rule to correct itself.
 
 
 26
 Finally, the Debtors contend that the government's motion was not brought within a "reasonable time" after the entry of the discharge order, as required by Rule 60(b), and therefore that the bankruptcy court erred in granting the requested relief. The Debtors point out that the government offered no explanation for its lengthy delay--the motion to reopen was not filed until eight months after the discharge was granted--and insist that the bankruptcy court gave insufficient weight to this fact. However, the court clearly heeded the standard set down by this court in arriving at its decision (citing Ashford v. Steuart, 657 F.2d 1053, 1055 (9th Cir.1981)), and explicitly found that the delay had caused the Debtors no prejudice, while a failure to grant the motion to reopen would have been highly prejudicial to the government. We cannot say that the bankruptcy court committed clear error in finding the government's behavior "reasonable," and the court therefore did not abuse its discretion in reopening the case and vacating the Debtors' discharge order.
 
 IV
 
 27
 The decision of the BAP affirming the bankruptcy court's order vacating the Debtors' discharge is AFFIRMED.
 
 
 
 [1]
 All references are to the Bankruptcy Code, Title 11, United States Code, unless otherwise noted
 
 
 [2]
 The government has not argued that the Debtors are guilty of any fraud in connection with their Chapter 13 case. We therefore do not consider whether § 1328(e) would itself permit the revocation of their discharge
 
 
 [3]
 We note that the Debtors have not demonstrated that they will suffer any undue prejudice from having their inadvertently granted discharge taken away. They are still entitled to earn their discharge by making all the payments required under their confirmed Chapter 13 plan
 
 
 [4]
 The debtors appear to argue that the bankruptcy court erred in raising the issue of Rule 60(b)'s application sua sponte. This court has clearly foreclosed any such argument. See Lenox, 902 F.2d at 740 ("Although FRCP 60(b) provides that a court may relieve a party from a final order upon motion, it does not prohibit a bankruptcy judge from reviewing, sua sponte, a previous order."). Moreover, although it was the court itself that brought forward Rule 60(b) as a possible source of authority for the relief requested, its reconsideration of its previous order was prompted by the government's motion, and in that sense did not occur sua sponte
 
 
 [5]
 The BAP stated that any error made by the Trustee here was attributable to the bankruptcy court because the Trustee committed that error while performing "an integral part of the judicial process." Lonneker Farms, Inc. v. Klobucher, 804 F.2d 1096, 1097 (9th Cir.1986). In view of our disposition of this appeal, we find it unnecessary to address this issue