Chad Timothy **DICKERSON; Deon Denay Dickerson, a minor, by her mother & legal guardian; Sharon Dale Stephens, Plaintiffs–Appellees,**

v.

Cory D. **McCLELLAN, individually and in his official capacity as police officer for the Metropolitan Government of Nashville and Davidson County, Tennessee; Charles L. (Lonnie) Stevens, individually and in his official capacity as police officer for the Metropolitan Government of Nashville and Davidson County, Tennessee, Defendants–Appellants,**

**Metropolitan Government of Nashville and Davidson County, Tennessee, Defendant.**

No. 94–5206.

United States Court of Appeals, Sixth Circuit.

Oct. 14, 1994.

Jeffrey Zager and Thomas H. Peebles, Trabue, Sturdivant & DeWitt, Nashville, TN, for plaintiffs-appellees.

James L. Charles and E. Joseph Fitzpatrick, Jr., the Metropolitan Government of Nashville & Davidson County Dept. of Law, Nashville, TN, for defendants-appellants.

Before CONTIE, MILBURN, and DAUGHTREY, Circuit Judges.

### ORDER

The two individual defendants appeal the district court's denial of qualified immunity in this civil rights action. Now before the court is a motion by the defendants seeking 1) to supplement the appellate record with the evidence produced at trial, and 2) to reverse the district court's order certifying the appeal as frivolous and to decide this appeal prior to any trial. We have addressed these requests separately in an order filed contemporaneously. However, we write here specifically to address an issue as to our appellate jurisdiction.

After the defendant officers had perfected their appeal, the plaintiffs moved the district

court to certify the appeal as frivolous and to proceed with the trial. The district court issued an opinion in which it certified the appeal as frivolous. *Dickerson v. McClellan,* 844 F.Supp. 391 (M.D.Tenn.1994). Therein, the district court directed the defendants' notice of appeal to be dismissed. *Id.* at 397. In so doing, the district court exceeded its authority, and this attempted "dismissal" in no way affects our jurisdiction in this appeal.

The denial of a motion for summary judgment on grounds of qualified immunity is an appealable order. *Mitchell v. Forsyth,* 472 U.S. 511, 522, 105 S.Ct. 2806, 2813, 86 L.Ed.2d 411 (1985). Although this court has suggested in the past that a district court may have jurisdiction to certify an interlocutory appeal from the denial of qualified immunity as frivolous, *see e.g. Yates v. City of Cleveland,* 941 F.2d 444 (6th Cir.1991), we find no authority that would permit a district court to dismiss a notice of appeal from such an order. In fact, the district courts have a ministerial duty to forward to the proper court of appeals any notice of appeal which is filed. *See* Rule 3(d), Fed.R.App.P. A proper notice of appeal divests the district court of jurisdiction and transfers jurisdiction to the court of appeals. *Lewis v. Alexander,* 987 F.2d 392, 394 (6th Cir.1993). This court must determine its own jurisdiction and is bound to do so in every instance. *Liberty Mut. Ins. Co. v. Wetzel,* 424 U.S. 737, 740, 96 S.Ct. 1202, 1204–05, 47 L.Ed.2d 435 (1976). It follows that the decision to dismiss a notice of appeal rests with this court, not the district court.

Therefore, insofar as the district court's decision purports to dismiss the defendants' appeal, it is hereby **VACATED.** This appeal shall continue upon the court's docket.