**In re Choyce McBRIDE, Debtor.**

**Bankruptcy No. 95–33800.**

United States Bankruptcy Court,
S.D. Ohio,
Western Division.

May 9, 1996.

**634**

Wayne P. Novick, Centerville, OH, for Debtor.

Roy D. Boucher, Don A. Little, Dayton, OH, for Direct Mortgage, Inc..

George W. Ledford, Chapter 13 Trustee, Englewood, OH.

## DECISION AND ORDER OVERRULING CHAPTER 13 TRUSTEE AND DEBTOR OBJECTION TO THE COURT PROCEEDING WITH THE CONFIRMATION HEARING

WILLIAM A. CLARK, Chief Judge.

On March 8, 1996, this court, with the mistaken understanding that all objections to the debtor's proposed Chapter 13 Plan had been heard, confirmed the Plan. After this mistake was brought to the court's attention, the court *sua sponte* consulted with the parties, and set the matter for hearing on April 2, 1996. As a result of the April 2, 1996 hearing, the court issued an order on April 16, 1996 vacating the confirmation order of March 8, 1996. The April 16, 1996 order also set for hearing the original objection to the confirmation of the Chapter 13 Plan. That hearing is now scheduled for May 10, 1996.

On April 26, 1996, the Chapter 13 Trustee and the Debtor ("Trustee") filed a Notice of Appeal of the April 16, 1996 Order Vacating Confirmation Order Inadvertently Entered. On April 30, 1996, the Trustee filed an objection to the court proceeding with the hearing scheduled for May 10, 1996. It is this objection that is under consideration here.

■ It is the contention of the Trustee that the notice of appeal has "divested this Court of any jurisdiction to consider the confirmation of the Debtor's Plan or any terms contained in the Confirmation Order."

■ It is true that normally, when an appeal is instituted, the lower court is divested of jurisdiction on matters related to that appeal. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982).

■ This transfer of jurisdiction from the district court to the court of appeals is not effected, however, if a litigant files a notice of appeal from an unappealable order. *Griggs*, 459 U.S. at 58, 103 S.Ct. at 402 (citing *Ruby v. Secretary of the Navy*, 365 F.2d 385, 389 (9th Cir.1966) (*en banc*), *cert. denied*, 386 U.S. 1011, 87 S.Ct. 1358, 18 L.Ed.2d 442 (1967)); *Cochran v. Birkel*, 651 F.2d 1219, 1222 (6th Cir.1981), *cert. denied*, 454 U.S. 1152, 102 S.Ct. 1020, 71 L.Ed.2d 307 (1982) ("We are persuaded that filing a notice of appeal from a nonappealable order should not divest the district court of jurisdiction

and that the reasoning of the cases that so hold is sound.").

■ Lower courts, in order to determine if they have lost jurisdiction, are therefore compelled to make a preliminary determination of what orders may be nonappealable. If the lower court were required to wait for an appellate court's determination, the result would defeat the holding of *Griggs* and *Cochran* by effecting a *de facto* divestiture of jurisdiction for both appealable and nonappealable orders.

This is consistent with the power of district courts to stay bankruptcy court proceedings under Fed.R.Bankr.P. 8005. *See, e.g., In re Dilley,* 125 B.R. 189 (Bankr.N.D.Ohio 1991) ("If the District Court views this matter differently, it has the authority under Rule 8005 to instruct this Court appropriately. If it does not, the Court's present order may prevent the Debtor from securing additional delay on the flimsiest of pretexts."); *In re Odom Enterprises, Inc.,* 22 B.R. 785, 789 (Bankr.E.D.Ark.1982) ("[E]ven if it is an appealable order, the mere taking of a notice of appeal does not, without the granting of a stay pursuant to [Rule 8005] of the Rules of Bankruptcy Procedure, have any effect on the operation of the order appealed from.").

One of the cases cited by the Trustee is instructive as to what circumstances constitute a retention of jurisdiction by the lower court. *Bryant v. Smith (In re Bryant),* 175 B.R. 9 (W.D.Va.1994). There the district court, in discussing appeals from the district court to the appellate court, stated:

"[A] district court retains jurisdiction to act in three discreet circumstances: (1) when a matter is not related to the issues involved in the appeal; (2) when the order appealed is not appealable or is clearly frivolous; and (3) when a district court's action would aid in the appeal."

*Id.* at 11.

While neither the first nor the third circumstance appears to be applicable here, the second bears directly upon the facts at hand.

■ The net effect of this court's April 16, 1996 order is to deny the debtor's request for plan confirmation. An order denying confirmation of a Chapter 13 plan is interlocutory in nature, and not appealable under 28 U.S.C. §§ 158(a)(1) & (d). *Groves v. La-Barge (In re Groves),* 39 F.3d 212, 214 (8th Cir.1994) (denial of Chapter 13 plan without dismissing case is not a final order); *Simons v. Federal Deposit Ins. Corp. (In re Simons),* 908 F.2d 643, 644 (10th Cir.1990) ("[S]o long as the bankruptcy proceeding itself has not been terminated, the debtor, unsuccessful with one reorganization plan, may always propose another plan for the bankruptcy court to review for confirmation, a prospect which negates any determination of finality...."); *Maiorino v. Branford Sav. Bank,* 691 F.2d 89, 90–91 (2d Cir.1982); *In re Madill,* 65 B.R. 729, 731 (D.Mont.1986); *In re Hardy,* 30 B.R. 109, 110–11 (Bankr.S.D.Ohio 1983) (citing *Maiorino v. Branford Sav. Bank,* 691 F.2d 89 (2nd Cir.1982)).

The district court may still grant permission to appeal interlocutory orders under 28 U.S.C. § 158(a)(3), though this relief is uncommon. The Sixth Circuit has held that even where interlocutory appeals may be authorized, they are to be granted only in exceptional or extraordinary situations. *Cardwell v. Chesapeake & Ohio Ry. Co.,* 504 F.2d 444, 446 (6th Cir.1974); *City Bank & Trust Co. v. Stiles (In re Stiles),* 29 B.R. 389, 390 (M.D.Tenn.1982); *see also Kraus v. Board of County Road Comm'rs,* 364 F.2d 919, 922 (6th Cir.1966) (denying interlocutory appeal on the grounds that the case would be resolved in the lower court within days).

The court considers it unlikely that the district court will grant permission for this appeal to go forward, especially where the sole remaining matter is the previously overlooked objection, and this can be resolved within days.

In addition, the court believes this appeal can be characterized as frivolous.

The Sixth Circuit has in the past shown little patience for frivolous interlocutory appeals: "[I]n exchange for the defendant's right to interrupt the judicial process, the court may expect a reasonable modicum of diligence in the exercise of that right." *Kennedy v. City of Cleveland,* 797 F.2d 297 (6th Cir.1986), *cert. denied sub nom., Hanton v.*

*Kennedy,* 479 U.S. 1103, 107 S.Ct. 1334, 94 L.Ed.2d 185 (1987).

Unfortunately, there is little guidance in the case law as to what constitutes a frivolous appeal. In *Dickerson v. McClellan,* the district court went through a lengthy analysis of frivolousness in various contexts, only to conclude that the term is not well defined. *Dickerson v. McClellan,* 844 F.Supp. 391, 394 (M.D.Tenn.), *vacated,* 37 F.3d 251 (6th Cir. 1994). As the Sixth Circuit has stated "[f]rivolity, like obscenity, is often difficult to define." *WSM, Inc. v. Tennessee Sales Co.,* 709 F.2d 1084, 1088 (6th Cir.1983) (continuing on to say that "[w]ith courts struggling to remain afloat in a constantly rising sea of litigation, a frivolous appeal can itself be a form of obscenity.").

The bankruptcy court believes this appeal to be frivolous for two related reasons: (1) the law is clear that courts have the power to correct their own mistakes; and (2) the order in question does not affect the substantive rights of the debtor.

■ It is well settled that all courts, including bankruptcy courts, have the power to correct their own mistakes. *American Trucking Ass'ns v. Frisco Transp. Co.,* 358 U.S. 133, 145, 79 S.Ct. 170, 177, 3 L.Ed.2d 172 (1958) ("It is axiomatic that courts have the power and the duty to correct judgments which contain clerical errors or judgments which have issued due to inadvertence or mistake."); *Olle v. Henry & Wright Corp.,* 910 F.2d 357, 363 (6th Cir.1990) (This power "may be exercised upon motion of a party or by the court *sua sponte,* and it may be exercised 'at any time.' "); *In re Rideout,* 86 B.R. 523, 530 (Bankr.N.D.Ohio 1988) ("[T]he Bankruptcy Court may use its inherent power to correct its own mistakes under 11 U.S.C. § 105(a)."). *See also Meyer v. Lenox (In re Lenox),* 902 F.2d 737, 739–40 (9th Cir.1990) ("[B]ankruptcy courts, as courts of equity, have the power to reconsider, modify or vacate their previous orders so long as no intervening rights have become vested in reliance on the orders."); *In re Riso,* 57 B.R. 789, 793 (D.N.H.1986) (same).

The Ninth Circuit has decided a case nearly identical to the case at bar. *Cisneros v. United States (In re Cisneros),* 994 F.2d 1462 (9th Cir.1993). In *Cisneros,* the IRS had filed a proof of claim, but for indeterminate reasons, the Trustee never received notice of the IRS's claim. *Id.* at 1464. Based upon the Trustee's representation that all proofs of claim had been paid in full, the court granted the debtors a full compliance discharge. *Id.* Eight months later the IRS requested the bankruptcy court to reopen the case and vacate its order of confirmation under 11 U.S.C. § 350. *Id.* The court *sua sponte* raised the issue of whether the order could be vacated under Fed.R.Civ.P. 60(b). *Id.* After supplemental briefing on this issue, the bankruptcy court vacated its order of confirmation. *Id.*

The BAP and the Ninth Circuit both affirmed. The Ninth Circuit concluded that while the bankruptcy court had the power to reopen cases under § 350(b), Fed.R.Bankr.P. 9024 also makes Fed.R.Civ.P. 60(b) applicable. In its opinion, the court stated that "[t]he bankruptcy court is, after all, a court of equity, and it strikes us as anomalous in this context to say that the Debtors have a right to retain that which they had no right to receive in the first place." *Id.* at 1466.

The *Cisneros* court cited the bankruptcy judge's opinion with approval, stating that "the discharge order was entered under a mistake of fact and under Rule 9024 [the bankruptcy court has] the power to review that order *sua sponte.* The plain language of Rule 60(b) and Bankruptcy Rule 9024 appears to support the court's understanding of its authority." *Id.* (citations omitted). The court further stated:

> The order of discharge was entered by the bankruptcy court under a misapprehension as to the facts of the case. Had the court been apprised of the actual facts, it would never have entered the order. In our view, this is precisely the sort of "mistake" or "inadvertence" that Rule 60(b) was intended to reach.

*Id.* at 1467 (citations omitted); *see also Ford v. Ford (In re Ford),* 159 B.R. 590 (Bankr. D.Or.1993) ("I read *Cisneros* as a reaffirmation of a court's inherent power to correct its own clerical errors.").

Finally the court found that there had been no prejudice to the debtor, despite the passage of time between the order of discharge and the vacating order. *Cisneros,* 994 F.2d at 1467.

As in *Cisneros,* this court issued its order under "a misapprehension as to the facts of the case." This court would not have granted the confirmation had it not relied on the Trustee's representation that there were no outstanding objections. The order of confirmation itself contains language to the effect that objections had been heard.

The similarities do not end there. Both this court and the *Cisneros* court *sua sponte* moved to correct their mistakes. As in *Cisneros,* there has been no showing of harm to the debtor by vacating the confirmation.

The net effect of the court's order is to deny the debtor's request for confirmation. The court has not dismissed the underlying petition and after all objections have been heard, the debtor is free to resubmit the Plan for confirmation.

It is therefore this court's conclusion that the only purpose that can be served by the appeal is to retain a confirmation to which the debtor is not entitled and/or to hinder and delay these proceedings. The appeal is therefore frivolous and as per *In re Bryant,* jurisdiction is not divested. *Bryant v. Smith (In re Bryant),* 175 B.R. 9, 11 (W.D.Va.1994).

The objection to the court proceeding with the confirmation hearing should be, and hereby is, OVERRULED.