95 F.3d 1152
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert H. HEDGES, Plaintiff-Appellant,
v.
Janet L. STUMBO; Thomas D. Emberton; J. William Howerton;
Richard L. Hinton; William Stewart, individually and in
their capacity as judicial officers; John Doe(s), 1-25,
individually and in their capacity as judicial officers;
John D. Dale, Jr., Doe 1; Phyllis Shafar, Clerk, Doe 2;
Julia L. Field, Doe 3; Harold Y. Saunders, Doe 4; Harold
Summers, Commissioner, Doe 5; Raymond E. Lape, individually
and in his capacity as judicial officer, Doe 6, Defendants-Appellees.
 No. 95-5904.
 United States Court of Appeals, Sixth Circuit.
 Aug. 20, 1996.
 
 Before: BROWN, MARTIN, and SILER, Circuit Judges.
 
 ORDER
 
 1
 Robert H. Hedges, a Kentucky citizen, appeals pro se a district court order dismissing his civil rights action. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking declaratory and monetary relief, Hedges filed this action against several Kentucky state court judges, a court clerk and commissioner, and an attorney. His complaint essentially sought to overturn the results in several state court proceedings regarding the sale of real estate previously belonging to his deceased father. Hedges complained that he was wrongfully removed from the property by a forcible detainer in 1989, that the price received at the 1992 sale of the property was insufficient, and that his appeal of the confirmation of the sale was erroneously dismissed as late. The defendants moved to dismiss on a number of grounds. Hedges then filed an amended complaint adding more defendants. The district court granted the motion to dismiss. The order of dismissal crossed in the mail with motions by the newly added defendants to dismiss for the reasons stated in the original motion. After Hedges filed a notice of appeal of the order of dismissal, the district court entered another order clarifying that the amended complaint was also dismissed.
 
 
 3
 On appeal, some of the defendants-appellees have moved to dismiss or strike appellant's brief, due to his failure to comply with the requirements of briefing. We deny this motion, as it is clear that the district court's order of dismissal should be affirmed despite the deficiencies of the appellate brief. Hedges has filed a "multi-motion" to declare the district court's post-judgment order void, or amend his notice of appeal to include this order, or extend the period for appealing this order. We grant this motion to the extent that we find that the timely filing of a notice of appeal of the final order divested the district court of jurisdiction. See Dickerson v. McClellan, 37 F.3d 251, 252 (6th Cir.1994) (order). Because the district court lacked jurisdiction to enter a second order of dismissal, Hedges is not required to file an additional notice of appeal or pay an additional filing fee in order to appeal the entirety of the dismissal. Moreover, all of the parties, including those named in the amended complaint, have filed briefs on appeal and apparently concede that the district court's original order of dismissal was final.
 
 
 4
 Federal district courts lack subject matter jurisdiction to review final judgments of a state court in judicial proceedings. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983). Allegedly incorrect decisions by a state court will not be redressed by the federal courts. Agg v. Flanagan, 855 F.2d 336, 339 (6th Cir.1988). Because this complaint sought to overturn state court decisions regarding the disposition of real property, it was properly dismissed. We need not address whether the additional bases for dismissal contested by the parties are applicable. The district court order dismissing this cause of action is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.