**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**REAL PROPERTY LOCATED AT 886 NORTH HAMILTON, St. Clair County, Marissa, Illinois. et al., Defendants,**

Appeal of Roberta C. Kratz, Claimant.

No. 01–2755.

United States Court of Appeals,
Seventh Circuit.

Submitted April 26, 2002 *.

Decided April 29, 2002.

Before COFFEY, MANION, and
WILLIAMS, Circuit Judges.

ORDER

In November 1996 the United States filed a civil forfeiture action against various property seized after FBI agents executed a search warrant at the home of Roberta and Oswald Kratz. The Kratzes, who were convicted in related criminal proceedings of conspiring to distribute cocaine, *see United States v. Kratz,* 179 F.3d 1039 (7th Cir.1999), opposed the forfeiture with the assistance of counsel. Ultimately, in April 1998, Judge Riley granted summary judgment in favor of the government, ordering the property forfeited to the United States. Instead of immediately appealing this order, however, the Kratzes tried to get it set aside by filing, in June 1998, a motion to vacate under Federal Rule of Civil Procedure 60(b), which Judge Riley denied the following November. Less than a month later, in December 1998, the Kratzes filed pro se notices of appeal, purportedly from the underlying April judgment, but Judge Riley concluded that these notices were "rendered moot" by an earlier order prohibiting the Kratzes from filing pro se pleadings while still represented by counsel. Judge Riley then directed the clerk of the district court to "disregard" the notices of appeal. Oswald Kratz refiled his notice of appeal, but that appeal was later dismissed for failure to pay the docketing fee. Roberta Kratz never refiled her notice of appeal, but in September 1999 she filed a fresh motion under Rule 60(b), arguing that the district

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

court should "allow" her appeal to proceed because her attorney had abandoned her. Judge Riley promptly denied her motion as "moot," concluding that he did not have jurisdiction over her case while Oswald's appeal was pending. Roberta Kratz did not appeal this ruling, but instead waited until May 2001—more than another year—to file a "Motion For The Return Of Property," which underlies the appeal now before us. Judge Herndon, who by now had taken over for Judge Riley, treated Roberta Kratz's motion as also filed under Rule 60(b) and denied it as moot because the property had already been sold. Roberta Kratz appeals the denial of this last motion. We affirm Judge Herndon's order, but on our own motion direct the clerk of this court to docket the notice of appeal filed by Roberta Kratz in 1998.

 Tucked in the lengthy record before us is the pro se notice of appeal that Roberta Kratz filed in 1998. Though it took more than three years to reach us, the notice of appeal was effective when filed in 1998—and still is—and so it was error for Judge Riley to have disregarded it. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982); *May v. Sheahan*, 226 F.3d 876, 879 (7th Cir.2000). Although a district court retains jurisdiction over issues that are ancillary to those under consideration in the appellate court, *May*, 226 F.3d at 879; *Albiero v. City of Kankakee*, 122 F.3d 417, 418 (7th Cir. 1997), the district court cannot dismiss or strike a notice of appeal, *see Sperow v. Melvin*, 153 F.3d 780, 781 (7th Cir.1998); *Camby v. Davis*, 718 F.2d 198, 200 n. 2 (4th Cir.1983). Once Roberta Kratz filed her notice of appeal, Judge Riley had a ministerial duty to forward it to this court, and any objection to the propriety of that notice should have been directed to us because such an objection would concern our appellate jurisdiction. *See Dickerson v. McClellan*, 37 F.3d 251, 252 (6th Cir. 1994); *Hogg v. United States*, 411 F.2d 578, 580 (6th Cir.1969). Now that it is finally here, we will process the notice of appeal in the usual manner. We hasten to add, however, that should Roberta Kratz pay the docketing fee and choose to pursue it, her appeal would be limited to challenging the denial of her June 1998 Rule 60(b) motion, since the notice of appeal was untimely as to the underlying 1998 judgment. *See Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 131 F.3d 625, 628 (7th Cir.1997) (denial of a Rule 60(b) motion does not trigger review of merits of underlying judgment); *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir.1994) (the filing of a Rule 60(b) motion does not toll the time for filing a notice of appeal).

And that brings us back to the appeal now before us. Roberta Kratz does not disagree with Judge Herndon's characterization of her May 2001 motion as one brought under Rule 60(b). But relief from a judgment under Rule 60(b) is an "extraordinary remedy granted only in exceptional circumstances," *Rutledge v. United States*, 230 F.3d 1041, 1052 (7th Cir.2000), *cert. denied*, 531 U.S. 1199, 121 S.Ct. 1207, 149 L.Ed.2d 120 (2001), and we will disturb the district court's judgment only when there has been an abuse of discretion, *see Manley v. City of Chicago*, 236 F.3d 392, 398 (7th Cir.2001). We will find an abuse of discretion only if we determine that "no reasonable person could agree with the district court." *Nelson v. City Colleges*, 962 F.2d 754, 755 (7th Cir.1992). Judge Herndon was well within his discretion when he denied Roberta Kratz's "Motion For The Return of Property" because it

was filed more than three years after the forfeiture order.

Accordingly, the order denying Roberta Kratz's May 2001 "Motion For The Return Of Property" is AFFIRMED. The clerk of this court is directed to docket as a new case the pro se notice of appeal filed by appellant Roberta Kratz in December 1998.