**Barbara Jean PHILLIPS, test party, Plaintiff,**

**and**

**Nancy Malee Oreskovich, Petitioner—Appellant,**

v.

**HANFORD LITIGATION, Defendant.**

No. 02–35875.

D.C. No. CV–91–03015–AAM.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 2, 2004.*

Decided Feb. 11, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Nancy Malee Oreskovich, Esq., Beverly Hills, CA, for Petitioner–Appellant.

Before TROTT, PAEZ, and BERZON, Circuit Judges.

## MEMORANDUM **

Nancy Oreskovich appeals the district court's denial of her motion to vacate its prior order disqualifying her as counsel in the *In re Hanford* litigation.[1] She was disqualified based upon eleven allegations and over 150 factual findings of misconduct adopted from an independent magistrate's report and recommendation. The report and order were referred to the Washington State Bar Association (WSBA) for investigation.

On October 18, 2001, the WSBA dismissed all allegations against Oreskovich, which she claims constitutes a "reason justifying relief from" the disqualification order. Fed.R.Civ.P. 60(b)(6). The allegations were dismissed, but the WSBA did note that the evidence showed "a sloppy approach to answering interrogatories that allows the possibility of false or misleading answers," and that "Ms. Oreskovich admitted, and the hearing officer found, that she knew she billed personal and other client costs to the Hanford account." This hardly constitutes a ringing endorsement of her conduct. Over nine months after the WSBA decision, Oreskovich filed a motion in the district court to vacate the disqualification order, which the district court denied both for untimeliness and on the merits.

We agree with the district court's determination that the motion was untimely.[2] Rule 60 states: "[t]he motion shall be made within a reasonable time." Fed. R.Civ.P. 60(b). We consider the following factors to determine whether a Rule 60 motion is made within a reasonable time: "the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." *Ashford v. Steuart,* 657 F.2d 1053, 1055 (9th Cir. 1981); *see also In re Cisneros,* 994 F.2d 1462, 1467 (9th Cir.1993).

Here, the factors weigh in favor of the district court. Oreskovich had only personal excuses for her delay, not valid rea-

Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The underlying litigation is a pending personal injury class action involving thousands of plaintiffs. *See In re Hanford Nuclear Reservation Litigation,* 1998 WL 775340 (E.D.Wa. 1998), *rev'd by In re Hanford Nuclear Reservation Litigation,* 292 F.3d 1124 (9th Cir.2002). However, the procedural posture of this appeal is confusing. While Oreskovich argues it as a direct appeal of the denial of her Rule 60 motion, her brief labels the case as "Oreskovich v. U.S. District Court for the District of Washington and Hanford Litigation," which looks very much like an improper attempt at mandamus. Neither route would result in her requested relief.

2. Even if we were to conclude that Oreskovich's Rule 60 motion was timely, we would affirm the district court because her argument fails on the merits. The outcome of the WSBA proceeding is inapposite to the district court's determination that, in the case before it, Oreskovich's representation was lacking. *See In re Snyder,* 472 U.S. 634, 645 n. 6, 105 S.Ct. 2874, 86 L.Ed.2d 504 (1985) (noting that the state code of professional responsibility does not apply to federal court sanctions and that, where it is used as a standard, its interpretation is a matter of federal law). Thus, the district court's failure to vacate her disqualification based upon that outcome does not amount to an abuse of discretion. *See United States v. Frega,* 179 F.3d 793, 799 (9th Cir.1999).

sons. She knew of the grounds for her motion to vacate for over nine months before she filed the motion. The court was prejudiced by her delay because of its interest in focusing on the merits of the *Hanford* litigation, and the delay and waste associated with dealing with this peripheral matter.

AFFIRMED

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.