**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. AZ-18-1003-LBTa |
| ANTHONY HUGGER, | Bk. No. 3:17-bk-00167-DPC |
| Debtor. | |
| ANTHONY HUGGER, | |
| Appellant, | |
| v. | **MEMORANDUM**[*] |
| LAWRENCE J. WARFIELD, Chapter 7 Trustee; ARIZONA DEPARTMENT OF REVENUE, | |
| Appellees. | |

Argued and Submitted on March 22, 2019
at Phoenix, Arizona

Filed – April 5, 2019

Appeal from the United States Bankruptcy Court
for the District of Arizona

---

[*]This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

Honorable Daniel P. Collins, Bankruptcy Judge, Presiding

———————

Appearances:      Dean O'Connor argued for Appellant; Terry A. Dake argued for Appellee Lawrence J. Warfield, Chapter 7 Trustee; Christopher J. Dylla of the Arizona Attorney General's Office argued for Appellee Arizona Department of Revenue.

———————

Before: LAFFERTY, BRAND, and TAYLOR, Bankruptcy Judges.


**INTRODUCTION**

After receiving his chapter 7[1] discharge, Debtor Anthony Hugger moved the bankruptcy court to revoke his discharge and dismiss his case because he had mistakenly filed his chapter 7 case too soon to discharge certain tax debts. The bankruptcy court denied the motion primarily because Debtor had not shown any grounds under Civil Rule 60(b) (applicable via Rule 9024) for vacating the discharge and because it found that creditors would be prejudiced by a dismissal and subsequent refiling. The bankruptcy court also denied Debtor's timely motion for relief from judgment.

We AFFIRM the bankruptcy court with respect to both matters.

———————

[1]Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

## FACTUAL BACKGROUND

Debtor filed a chapter 7 bankruptcy case on January 9, 2017. He listed on his schedules three nonpriority unsecured debts: (1) an $80,000 debt to the Internal Revenue Service ("IRS"); (2) an "unknown" debt to the Arizona Department of Revenue ("ADOR"); and (3) $569 owed to "Enhanced Recovery Co L [sic]." Appellee Lawrence Warfield was appointed chapter 7 trustee ("Trustee"). Trustee filed a Report of No Distribution, a discharge was entered May 9, 2017, and the case was closed a few days later.

A few months later, in September 2017, Debtor filed a motion to vacate the discharge and dismiss the case. The factual basis for the motion was that Debtor had mistakenly filed his chapter 7 case too early for certain tax debts to be discharged. According to the motion, he filed his tax returns for 2001, 2002, 2005, 2006, 2009, 2010, and 2012 in September 2015. In order to discharge the approximately $40,000 in taxes owed for those years, he should have waited until two years after the date he filed those returns, or approximately September 2017. Because the chapter 7 case had been filed to deal with Debtor's tax obligations, he argued that he had not obtained a fresh start. He contended that the bankruptcy court had the equitable power under § 105 to vacate the discharge and dismiss the case and that the equities supported the requested relief. Debtor did not cite any case law or other authorities supporting his requested relief.

3

Trustee filed an objection, pointing out that under § 727(d) and (e), a debtor lacks standing to revoke his or her discharge. ADOR also filed an objection, citing the same grounds. In addition, ADOR argued that, to the extent the court had any equitable power to vacate a discharge at the request of a debtor, Debtor could not demonstrate that dismissing the chapter 7 case would not prejudice creditors.

At the hearing on the motion, Debtor's counsel admitted that he had erred in filing the case too early to discharge the taxes. He conceded that the purpose of the motion was to permit Debtor to file a new chapter 7 case to discharge the taxes. He asserted for the first time at the hearing that the court could vacate the discharge under Civil Rule 60 (applicable via Rule 9024), citing case law that had not been included in the motion papers.[2] Finally, Debtor's counsel argued that dismissal would not prejudice the tax creditors because they were "currently in the process of collecting."

The bankruptcy court denied the motion on the grounds that: (1) Debtor lacked standing under § 727(d) and (e) to revoke his discharge, and the bankruptcy court could not use its § 105 equitable powers to circumvent the Bankruptcy Code (citing *Law v. Siegel*, 571 U.S. 415 (2014)); (2) Debtor had not established any grounds for relief under Civil Rule 60

---

[2]*Cisneros v. United States (In re Cisneros)*, 994 F.2d 1462 (9th Cir. 1993); *In re Estrada*, 568 B.R. 533 (Bankr. C.D. Cal. 2017); and *Loos v. Ayers (In re Loos)*, Nos. BAP EC-06-1443-MoPaMk, BAP EC-06-1444-MoPaMk, 2008 WL 8448070 (9th Cir. BAP Apr. 25, 2008).

4

because all of the relevant information was known before the bankruptcy case was filed, and Debtor had proffered no excuse why his or his counsel's error had not been addressed earlier; (3) the cases cited to the court were distinguishable; and (4) the tax creditors would be harmed if the court were to grant the requested relief.

After the bankruptcy court entered its order denying the motion, Debtor filed a timely motion for a new trial under Rule 9023 and/or for relief from judgment under Rule 9024 ("Motion for Reconsideration").[3] In the Motion for Reconsideration, Debtor argued that the cases cited at the hearing should control the outcome of the motion. He also argued that he was entitled to relief under Civil Rule 60(b)(6)–"any other reason that justifies relief"–because extraordinary circumstances existed. Specifically, those circumstances were that: (1) Debtor's counsel had given him inaccurate or incomplete advice regarding the deadlines for filing; (2) no creditors had participated in the case before the motion to vacate discharge was filed; and (3) there would be no prejudice to creditors because the IRS and ADOR could continue to collect, while Debtor would be prejudiced by having to wait to file a new bankruptcy case.

---

[3]Debtor filed an amended motion on November 15 because the original filing was missing several pages. At the hearing on the motion, the bankruptcy court commented that the motion was untimely as to relief under Civil Rule 59, but it was not. Accordingly, we have jurisdiction to review both the denial of the motion to vacate the discharge and the Motion for Reconsideration.

After hearing argument, the bankruptcy court denied the Motion for Reconsideration because Debtor had presented nothing new that could not have been presented at the original hearing. The bankruptcy court entered its written order on December 18, 2017, and Debtor timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (O). We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

Did the bankruptcy court abuse its discretion in denying Debtor's motion to vacate the discharge and dismiss his chapter 7 case?

Did the bankruptcy court abuse its discretion in denying Debtor's Motion for Reconsideration?

## STANDARDS OF REVIEW

A debtor's standing to seek revocation of his discharge under § 727(d) and the bankruptcy court's refusal to apply equity principles to revoke a debtor's discharge are questions of law that we review de novo. *Markovich v. Samson (In re Markovich)*, 207 B.R. 909, 911 (9th Cir. BAP 1997).

We review for abuse of discretion a bankruptcy court's denial of a motion for relief from judgment or order under Civil Rule 60(b). *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258 (9th Cir. 2010); *Tennant v. Rojas (In re Tennant)*, 318 B.R. 860, 866 (9th Cir. BAP 2004). A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies

6

the correct legal standard, or if its factual findings are illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011) (citing *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)).

## DISCUSSION

**A.    The bankruptcy court did not abuse its discretion in denying Debtor's motion to vacate the discharge and dismiss the chapter 7 case.**

Debtor does not dispute that he lacks standing to revoke his own discharge under § 727(d) or that the bankruptcy court lacks the equitable power under § 105(a) to revoke a discharge on request of the debtor. *See In re Markovich*, 207 B.R. at 912-13.

There is also no dispute that a bankruptcy court may vacate a discharge order under Civil Rule 60(b) when the order was entered because of a mistake of fact. *Cisneros v. United States (In re Cisneros)*, 994 F.2d 1462 (9th Cir. 1993). In *Cisneros*, the debtors received their chapter 13 discharge after the chapter 13 trustee had issued a final report and accounting indicating all claims had been paid; however, the trustee had not received notice of the filing of the IRS's claim and had not paid it. The IRS moved to reopen the case and vacate the discharge. The bankruptcy court granted the motion pursuant to Civil Rule 60(b)(1) . On appeal, the Ninth Circuit held that Civil Rule 60(b)(1) permits the court to correct its own mistakes, noting

7

that the court had entered the discharge under a misapprehension of the facts of the case. *Id.* at 1467.

Accordingly, the issue in this appeal is whether the bankruptcy court erred in finding that Debtor had not established any of the grounds for relief under Civil Rule 60(b)(1). That rule provides in relevant part that a court may relieve a party from a final judgment or order for "mistake, inadvertence, surprise, or excusable neglect."

At the hearing on Debtor's motion, the court commented:

> [i]f you're saying there was a mistake or that there's inadvertence or surprise, or excusable neglect, I don't see it because all of this information that you're pointing to was all well known prior to the bankruptcy filing and should have been fully accounted for before the bankruptcy itself was filed, and there's nothing newly discovered here, there's no fraud involved, the judgment's void . . . or that there's some other reason justifying relief.

Hr'g Tr. (Oct. 27, 2017) at 7:13-21.

On appeal, Debtor argues that relief was warranted on grounds of mistake, inadvertence, and excusable neglect. Debtor urges the Panel to adopt the analysis of *In re Estrada*, 568 B.R. 533 (Bankr. C.D. Cal. 2017). In that case, after the chapter 7 debtor received his discharge, the trustee indicated he intended to sell Debtor's real property. Debtor then sought to vacate his discharge under Civil Rule 60(b) so that he could convert his case to chapter 13 and pay all creditors. The bankruptcy court ruled that it

had authority to vacate a discharge under Civil Rule 60(b) and found that extraordinary circumstances warranted relief under 60(b)(6): (1) debtor's original counsel had given him inaccurate and incomplete legal advice regarding his choices in bankruptcy, specifically regarding the effect bankruptcy could have on his home; (2) no creditors had participated in the case, and the only claims were filed by the chapter 7 trustee after entry of discharge; and (3) debtor had proposed a chapter 13 plan that would pay creditors 100%. *Id.* at 542. The court also found that revocation of the discharge would not meaningfully impair the rights of any other parties, but would simply be a prerequisite to conversion. *Id.* The court concluded that under the facts presented, revocation of the discharge was necessary to prevent "manifest injustice." *Id*. The bankruptcy court noted, however, that the case before it

> represents the rare situation in which (1) no proofs of claim were timely filed; (2) Debtor has established that he has the means to pay all creditors in full, including Trustee's administrative claim for his professional fees; (3) Debtor acted promptly in seeking to convert to Chapter 13, minimizing prejudice to other parties; and (4) Debtor is willing to stipulate that his case will be reconverted to Chapter 7, rather than dismissed, if Debtor fails to complete his plan according to its terms.

*Id*.

Debtor cites *Estrada*, seemingly to make the point that Civil Rule 60(b) provides the authority to vacate a discharge. But that point is not in

9

dispute. The Ninth Circuit has so held, *see In re Cisneros*, 994 F.2d at 1467, as did the bankruptcy court here.[4] The problem with *Estrada* (for Debtor) is that it is factually distinguishable. Here, Debtor seeks relief to discharge his tax debts, not to pay them. This is not the "rare situation" presented in *Estrada*.

As for the application of Rule 60(b)(1) to the facts of this case, Debtor argues that he is entitled to relief because he filed the chapter 7 case with the intent to discharge his tax debt, but he filed the case too early to accomplish this because he had bad advice from his attorney. Accordingly, he argues that relief is warranted due to mistake, inadvertence, and excusable neglect. But Civil Rule 60(b)(1) may not be used to remedy attorney error. *See Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1101 (9th Cir. 2006) ("Rule 60(b)(1) is not intended to remedy the effects of a litigation decision that a party later comes to regret through

---

[4]The bankruptcy court in *Estrada* rejected *Markovich*, interpreting that case as holding that a discharge may not be vacated pursuant to Civil Rule 60(b). 568 B.R. at 536-37. The debtor in *Markovich* sought to vacate his discharge and convert his case to chapter 13 after a creditor obtained a judgment of nondischargeability. Under those facts, the *Markovich* panel rejected the reasoning of cases holding that Civil Rules 59(e) or 60(b) could be invoked to vacate a discharge. *In re Markovich*, 207 B.R. at 912-13 (citing *In re Jones*, 111 B.R. 674, 675 (Bankr. E.D. Tenn. 1990)), and *In re Tuan Tan Dinh*, 90 B.R. 743, 745 (Bankr. E.D. Pa. 1988)). The panel focused on the prohibition on the bankruptcy court's use of its equitable powers to circumvent specific statutory language. 207 B.R. at 913. The Panel did not cite *Cisneros*, nor did it analyze whether Rules 59 or 60 could be used to correct a mistake (i.e., to carry out the provisions of the Code rather than thwart them), as had occurred in *Cisneros*.

subsequently-gained knowledge that corrects the erroneous legal advice of counsel."). *See also Casey v. Alberton's Inc.*, 362 F.3d 1254, 1259-60 (9th Cir. 2004) (alleged attorney malpractice not generally a basis to set aside a judgment pursuant to Civil Rule 60(b)(1), citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 397 (1993)).

Moreover, as Appellees point out, a chapter 7 debtor seeking to dismiss his case has the burden to show that doing so would not result in "legal prejudice" to creditors. *Hickman v. Hana (In re Hickman)*, 384 B.R. 832, 841 (9th Cir. BAP 2008); *Leach v. United States (In re Leach)*, 130 B.R. 855, 857 (9th Cir. BAP 1991) (citing *Schroeder v. Int'l Airport Inn P'ship (In re Int'l Airport Inn P'ship)*, 517 F.2d 510, 512 (9th Cir. 1975)). Debtor contends that there would be no prejudice to the taxing authorities in permitting the relief requested because those creditors would be able to collect until such time as Debtor files a new chapter 7 case after enough time has elapsed for him to discharge the older taxes.[5] Debtor's argument ignores the fact that, as things stand, the taxing authorities would have much more time to collect than they would have had the bankruptcy court granted the requested relief. Debtor has not shown that the bankruptcy court abused its discretion in denying the motion.

At oral argument, Debtor's counsel asserted that it would be unfair to

---

[5]As noted, Debtor asserted in his initial motion that, if he were to obtain the requested relief, he could discharge the taxes in a case filed after September 2017.

prohibit Debtor from discharging his tax debts in this case due to an error in calculating the appropriate time periods set forth in § 523(a)(1). But this argument ignores the bankruptcy court's finding that the taxing authorities would be prejudiced were Debtor permitted a "do-over." Under the Debtor's version of fairness, he should get the result he wants regardless of its impact upon other parties. But the result here is not inherently unfair; the taxing authorities are entitled to rely on the requirements set forth in the Code for discharging taxes, just as Debtor would be entitled to rely on the deadline for filing objections to discharge, for example. And a bankruptcy system that would permit one participant to invoke "fairness" to obtain the benefits he wants, while directly disadvantaging others, and to skirt rules and deadlines designed to create a level playing field among all of the participants, would not long maintain the public's trust.

**B. The bankruptcy court did not abuse its discretion in denying Debtor's Motion for Reconsideration.**

Although Debtor cited both Rules 9023 and 9024 in the caption to his Motion for Reconsideration, he focused his argument on Civil Rule 60(b)(6) (applicable via Rule 9024), arguing that he was entitled to relief under the rule's catch-all provision, "any other reason that justifies relief." He argued that *Markovich* should not be dispositive and that extraordinary circumstances justified relief, essentially the same arguments he had previously made to the bankruptcy court.

12

"Motions for reconsideration which merely revisit the same issues already ruled upon by the trial court, or which advance supporting facts that were otherwise available when the issues were originally briefed, will generally not be granted. Such motions may not be used as a substitute for a timely appeal." *Alexander v. Bleau (In re Negrete)*, 183 B.R. 195, 197 (9th Cir. BAP 1995), *aff'd*, 103 F.3d 139 (9th Cir. 1996) (citations omitted).

As the bankruptcy court found, Debtor presented no facts, law, or argument that could not have been presented at the hearing on the original motion. Therefore, the court did not abuse its discretion in denying reconsideration.

## CONCLUSION

Debtor has not demonstrated that the bankruptcy court abused its discretion in denying his motion to vacate his discharge and dismiss his case, nor has he demonstrated that the bankruptcy court abused its discretion in denying reconsideration.

Accordingly, we AFFIRM.