In re William A. BRYANT and Debra M. Bryant, Debtors.

William A. BRYANT, Appellant,

v.

W. Alan SMITH, Jr., Trustee, and Crestar Bank, Appellees.

Civ. No. 94–0058–L.

United States District Court, W.D. Virginia, Lynchburg Division.

Nov. 2, 1994.

---

Sidney H. Kirstein, Lynchburg, VA, for appellant William A. Bryant.

Alexander Wayne Bell, Lynchburg, VA, for appellee W. Alan Smith, Jr.

Leighton S. Houck, Lynchburg, VA, for appellee Crestar Bank.

## MEMORANDUM OPINION

WILSON, District Judge.

Debtor, William A. Bryant, appeals the United States Bankruptcy Court's ruling that neither good cause nor excusable neglect exists to justify Bryant's untimely filing of Schedule C, listing his exemptions, and that Bryant's exemptions are, therefore, waived. Bryant asserts that the bankruptcy court should have permitted the late filing for cause shown and excusable neglect, argues that appellees, W. Alan Smith, Jr., Trustee, and Crestar Bank, are estopped from denying his exemptions under the delinquently filed Schedule C, and claims that the sched-

ules were properly filed under Bankruptcy Rule 4003. Appellees agree with the bankruptcy court's findings on remand and further assert that the "law of the case" prevents Bryant from now raising estoppel. Appellees also argue that this appeal is moot because the property Bryant wished to exempt has been taken by the Trustee and administered for the benefit of the creditors or abandoned. This appeal is now before the court purportedly pursuant to 28 U.S.C. § 158. The court finds that jurisdiction in this matter is solely vested in the Fourth Circuit Court of Appeals and that the bankruptcy court acted without jurisdiction. As such, the court will vacate the bankruptcy court's order and dismiss this appeal.

## I.

On October 7, 1992, debtors William A. Bryant and Debra M. Bryant filed a voluntary Chapter 7 petition. Before the initial creditors meeting on November 17, 1992, the Bryants' counsel informed the Trustee, W. Alan Smith, that schedules would not be filed by that date because of the necessity of appraisals. The schedules were filed on November 30, 1992. On December 15, 1992, the Trustee and Crestar Bank filed objections to the Bryants' exemptions on the grounds that their schedules were filed late.

On December 21, 1992, the Bryants filed a motion for leave to retroactively extend the time to file schedules. In March of 1993, the bankruptcy court found that the Bryants had not shown excusable neglect in failing to timely file schedules and denied their motion to extend the time. The bankruptcy court concluded, however, that the Bryants had not waived their exemptions by filing them late. The bankruptcy court further ruled that the Bryants were not entitled to homestead and retirement exemptions, but that they were entitled to a poor debtor's exemption. Both parties appealed to this court.

In February of 1994, this court issued a memorandum opinion and order which affirmed the bankruptcy court's findings regarding the Bryants' entitlement to homestead, retirement, and poor debtor's exemptions. The court reversed the bankruptcy court's finding that the Bryants' untimely

filing of schedules did not waive exemptions. Stating that the bankruptcy court could excuse delinquent filing of schedules only for cause shown or excusable neglect, the court remanded the case to the bankruptcy court for further findings, 165 B.R. 176. On March 16, 1994, the Bryants appealed this court's ruling to the Fourth Circuit. That appeal is currently pending.

Despite the pendency of that appeal, on June 13, 1994, the bankruptcy court issued a memorandum opinion and order in response to the district court's February ruling. The bankruptcy court found that the Bryants failed to show good cause or excusable neglect for their untimely filing of schedules. William A. Bryant now appeals to this court.

## II.

Although neither of the parties has challenged the court's jurisdiction to hear this matter, the court is duty bound to examine the issue *sua sponte. Mansfield, Coldwater & Lake Ry. Co. v. Swan,* 111 U.S. 379, 4 S.Ct. 510, 28 L.Ed. 462 (1884). For the following reasons, the court finds that it lacks jurisdiction to rule on the merits of this case.

A district court loses jurisdiction over a matter when a notice of appeal is filed regarding one of its orders:

The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.

*Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982). As articulated by the Fourth Circuit, "[t]he general rule is that the filing of a timely and sufficient notice of appeal immediately transfers jurisdiction of all matters relating to the appeal from the district court to the court of appeals." *In re Grand Jury Proceedings Under Seal v. United States,* 947 F.2d 1188, 1190 (4th Cir. 1991). Nonetheless, a district court retains jurisdiction to act in three discreet circumstances: (1) when a matter is not related to the issues involved in the appeal; (2) when the order appealed is not appealable or is

**12**

clearly frivolous; and (3) when a district court's action would aid in the appeal. *See* 9 *Moore's Federal Practice*, Para. 203.11, p. 3–45 to 3–55 (2d ed.1992).

In March of 1994, the Bryants filed a notice of appeal of an order of this court entered on February 16, 1994.[1] At that time, jurisdiction over the matter immediately transferred to the Fourth Circuit Court of Appeals. That appeal is currently pending. As such, this court lacks jurisdiction to issue any further rulings in the Bryant matter unless one of the three exceptions detailed above exists.

■ As previously stated, a district court retains jurisdiction to decide matters not related to the appeal. Bryant seeks review of the bankruptcy court's finding that there was neither good cause nor excusable neglect to justify the late filing. This issue is closely related to the matter on appeal, however. The court's February 16, 1994 ruling, now before the Fourth Circuit, held that a finding of cause shown or excusable neglect was necessary in order to permit the late filing of schedules. Although the matter on appeal and the issue now before this court are not identical, the court finds that the matters are sufficiently related to preclude proceeding under this exception.[2]

■ A district court also retains jurisdiction over an appealed matter when the appeal is clearly frivolous or the order is not appealable. The Bryants appealed an order of this court which contains a remand to the bankruptcy court. Generally, a district court order which remands a case back to a bankruptcy court is not a final order properly appealable under 28 U.S.C. § 158(d). *Capital Credit Plan of Tennessee, Inc. v. Shaffer*, 912 F.2d 749, 751 (4th Cir.1990). However, a district court's grant or denial of a claimed bankruptcy exemption is a final appealable order even when that order contains a remand to the bankruptcy court for further proceedings. *Sumy v. Schlossberg*, 777 F.2d 921, 923 (4th Cir.1985). Appellate courts have carved out further exceptions allowing appeal of a remand.[3] However, it is not for

---

1. The order affirmed the bankruptcy court's findings regarding the Bryants' entitlement to homestead, retirement, and poor debtor's exemptions, reversed the bankruptcy court's finding that the Bryants' delinquent filing of schedules did not waive the exemptions claimed therein, and remanded the case back to the bankruptcy court for a factual determination of whether cause shown or excusable neglect justified the Bryants' untimely filing of schedules.

2. The rule transferring jurisdiction from the district court to the appellate court has a salutary purpose. It establishes clear lines of authority, and it avoids meaningless and conflicting adjudications by the district court. (The bankruptcy court is a unit of the district court under 28 U.S.C. § 151.) This court's reversal and remand has been appealed to the court of appeals. If the court of appeals reverses this court, then the bankruptcy court's June 13, 1994 decision that neither good cause nor excusable neglect justified the Bryants' late filings would be meaningless and would result in a conflicting adjudication on the issue on waiver: "It is precisely such conflicting rulings that the rule transferring jurisdiction from the district court to the appellate court upon the filing of a notice of appeal is designed to prevent." *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1241 (7th Cir.1986). *See American Town Center v. Hall 83 Associates*, 912 F.2d 104, 110 (6th Cir.1990). Moreover, if this court reversed the bankruptcy court's decision that neither good cause nor excusable neglect existed, the first appeal could be mooted or a second appeal spawned.

In contrast, the pendency of an appeal does not disturb the finality of a district court's judgment for purposes of enforcement. *Wedbush, Noble, Cooke, Inc. v. SEC*, 714 F.2d 923, 924 (9th Cir.1983). Until a district court's judgment is superseded or stayed, the district court retains authority to enforce it. *American Town Center v. Hall 83 Associates*, 912 F.2d 104, 111 (6th Cir. 1990). However, the district court still lacks authority to alter the scope of the judgment or its status on appeal. *Id.* An enforcement proceeding, unlike a proceeding on remand to determine factual matters concerning an issue on appeal, does not place concurrent proceedings in a trial court and appellate court on the same track. Nor does the district court's enforcement proceeding cause its first order to become a moving target.

3. *See In re Wiston XXIV Ltd. Partnership*, 988 F.2d 1012 (10th Cir.1993) (stating that a district court's order may be considered final when the remanded matter involves little discretion and is unlikely to spawn another appeal); *In re Excello Press, Inc.*, 967 F.2d 1109 (7th Cir.1992) (finding a district court's order final when it contained a remand for ministerial tasks); *In re Miscott Corp.*, 848 F.2d 1190 (11th Cir.1988) (holding that a district court's ruling which included a remand may be a final decision under 28 U.S.C. § 158(d) if all that remains for the bankruptcy court is performance of ministerial duties); *In re*

this court to determine ultimately whether its order is properly appealable such that jurisdiction has vested in the appellate court. Since case-law does not plainly dictate whether the Fourth Circuit will exercise jurisdiction over the Bryant matter, the appeal is not clearly frivolous.

A district court further retains jurisdiction to proceed in matters that would aid the court of appeals in the determination of the appeal. *In re Grand Jury Proceedings Under Seal v. United States*, 947 F.2d 1188, 1190 (4th Cir.1991). District court actions allowed under this exception include entering findings of fact or law which complete the record on appeal but do not change it. *See* Allan Ides, *The Authority of a Federal District Court to Proceed After a Notice of Appeal Has Been Filed*, 143 F.R.D. 307, 323 (1992). A ruling on the matter before this court, whether the bankruptcy court properly determined that the Bryants had neither good cause nor excusable neglect for filing their schedules late, could moot the appeal now pending in the Fourth Circuit Court of Appeals, however, or spawn a second appeal. Such ramifications would not aid in the determination of the appeal.

### III.

Although bound by the same rules of jurisdiction as this court, the bankruptcy court decided the Bryant matter and issued a memorandum opinion and order. A bankruptcy court is divested of jurisdiction with respect to matters raised in an appeal to a higher court. *In re Bialac*, 694 F.2d 625, 627 (9th Cir.1982). *See In re Kendrick Equipment Corp.*, 60 B.R. 356, 358 (Bkrtcy. W.D.Va.1986) ("Pending an appeal, the jurisdiction of the Bankruptcy Court terminates in the same fashion as the jurisdiction of a District Court terminates on an appeal to the Court of Appeals."). As such, the jurisdictional analysis employed above is equally applicable to the bankruptcy court in this case. The court finds that the bankruptcy court lacked jurisdiction to proceed under this

*Meyertech Corp.*, 831 F.2d 410 (3rd Cir.1987) (holding that a district court's order containing a partial remand is properly appealable when the Court of Appeals' decision would impact upon

court's order of remand. Accordingly, the court will vacate the bankruptcy court's order.

### IV.

For the reasons stated above, the court will vacate the bankruptcy court's order of June 13, 1994 and dismiss this appeal.

the assets and balance of the estate, would preclude the necessity of further factfinding, and would serve the interests of judicial economy).