**Fannie ARCHER, et al., Plaintiffs,**

v.

**NISSAN MOTOR ACCEPTANCE CORPORATION, et al., Defendants.**

**No. CIV.A.3:03–cv–906 WS.**

United States District Court, S.D. Mississippi, Jackson Division.

March 31, 2004.

---

Suzanne Griggins Keys, Katrina M. Gibbs, Precious Tyrone Martin, Byrd & Associates, Hiawatha Northington, II, Northington Law Firm, Jackson, MS, for Plaintiffs.

Allan P. Bennett, Vikki J. Taylor, Watkins, Ludlam, Winter & Stennis, P.A., Jackson, MS, James Bruinsma, Dykema, Gossett, Rooks, Pitts, Pllc, Chicago, IL, Mark David Morrison, Ken R. Adcock, Gore, Kilpatrick, Purdie, Metz & Adcock, PC, Ridgeland, MS, Jeffrey Lee Ingram, Galese & Ingram, PC, Birmingham, AL, Jay Gore, III, Gore, Kilpatrick, Purdie, Metz & Adcock, PC, Grenada, MS, for Defendants.

## ORDER

WINGATE, Chief Judge.

Before the court is plaintiffs' motion to remand this action to the Circuit Court of Holmes County, Mississippi, where it originated. The plaintiffs herein, complaining of unwarranted finance charges, filed their lawsuit against Nissan Motor Acceptance Corporation, et al., asserting a number of causes of action, *inter alia*, fraud, negligent misrepresentation, and negligent supervision. On July 18, 2003, defendant Nissan Motor Acceptance Corporation ("NMAC") and the other defendants removed this action to this federal forum contending that this court has subject matter jurisdiction under the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.*, and/or the Civil Rights Act, as amended. Title 42 U.S.C. §§ 1981 and 1982. If so, this court would have subject matter jurisdiction under Title 28 U.S.C. § 1331, federal question jurisdiction.[1]

Defendants also assert that this court has jurisdiction under the federal bankruptcy laws. Title 28 U.S.C. § 1334(a);[2] *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 n. 5, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995) (stating that "related to" bankruptcy proceedings include "causes of action owned by the debtor which become property of the estate pursuant to 11 U.S.C. § 541....."). Defendants contend that three plaintiffs have filed bankruptcy and that said filings bestow subject matter jurisdiction in this court.

In their motion to remand, plaintiffs quarrel with all of defendants' assertions and contend that this court lacks any basis for subject matter jurisdiction and that this case should be remanded to state court. This court agrees for the reasons which follow.

### Removal and Remand

■ Defendants removed this action pursuant to Title 28 U.S.C. §§ 1441[3] and

---

1. Title 28 U.S.C. § 1331 provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

2. Title 28 U.S.C. § 1334(b) provides: "Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."

3. Title 28 U.S.C. § 1441(a) provides in pertinent part: "Except as otherwise expressly provided by act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

1452.[4] Defendants, as the removing parties, have the burden of establishing federal jurisdiction. *B., Inc. v. Miller Brewing Company,* 663 F.2d 545 (5th Cir.1981). Further, the removal statutes are to be strictly construed with all doubts and ambiguities to be resolved against a finding of proper removal. *Dodson v. Spiliada Maritime Corp.,* 951 F.2d 40, 42 (5th Cir.1992). If the defendants fails to meet their burden, the court is bound to remand this action to state court pursuant to Title 28 U.S.C. § 1447(c). *Buchner v. F.D.I.C.,* 981 F.2d 816, 819 (5th Cir.1993).

### The Complaint

In their complaint, the plaintiffs specifically waive all federal causes of action, including those which might arise under the Civil Rights Act and the Equal Credit Opportunity Act. Compl. ¶ 5. Plaintiffs' complaint contends that defendant NMAC established and used a fraudulent credit pricing system under which the plaintiffs were charged higher finance premiums than similarly-situated white customers, and asserts only state law claims of fraud, negligent misrepresentation and negligent supervision. The complaint asserts no federal cause of action on its face.

### Analysis

■ Defendants contend that this court, under the artful pleading doctrine, should determine that plaintiffs are actually seeking redress under the Equal Credit Opportunity Act and/or the Civil Rights Act, even though such claims do not appear in the complaint. The artful pleading doctrine, a narrow exception to the well-pleaded complaint rule, *Carpenter v. Wichita Falls Indep. Sch. Dist.,* 44 F.3d 362, 367 (5th Cir.1995), states that "a plaintiff may

not defeat removal by omitting to plead necessary federal questions." *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 22, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).

The Fifth Circuit, in *Waste Control Specialists, LLC v. Envirocare of Texas, Inc.,* 199 F.3d 781 (5th Cir.2000), spoke to the artful pleading doctrine and the proposition which holds that a plaintiff is the master of his complaint. In *Waste Control Specialists,* the Fifth Circuit stated: "Without complete preemption, the artful pleading doctrine does not apply." *Id.* at 783.

■ Upon applying the directive of *Waste Control Specialists* to this case, this court is persuaded that the artful pleading doctrine does not apply here because the federal claims allegedly raised do not preempt plaintiffs' state law claims. For the artful pleading doctrine to apply, the alleged federal claims must *completely* preempt the state law claims. Defendants do not dispute that neither the Equal Credit Opportunity Act nor the Civil Rights Act fails to completely preempt all state law claims. Accordingly, this court finds that defendants' removal on this basis is without foundation.

■ Defendants' second ground for removal is reliance on the federal bankruptcy laws. Three plaintiffs, Chester Hammond, Jr., Oliver Idom, and Ercill Idom, had filed for bankruptcy protection when this case was removed. Subsequently, the parties agreed to a voluntary dismissal of these parties and they are no longer parties to this lawsuit. Accordingly, then, since these plaintiffs are not parties now, this court has no bankruptcy estate before

---

4. Title 28 U.S.C. § 1452(a) provides in pertinent part: "A party may remove any claim or cause of action...to the district court for the district where such civil action is pending, if

such district court has jurisdiction of such claim or cause of action under section 1334 of this title."

it. In the absence of a bankruptcy estate, this court lacks bankruptcy jurisdiction. *See Rand v. Empire Funding Corp.*, 132 F.Supp.2d 497, 501 (S.D.Miss.2000) (holding that jurisdiction over a case under section 1334(b) does not exist where there is no estate being administered in bankruptcy to which the case relates); *In re Ben Lomond Suites, Ltd.*, 1997 WL 33321090, at *3 (Bankr.D.Utah March 6, 1997) (finding that the court lacked bankruptcy jurisdiction because there was no bankruptcy estate to administer); *In re Robert H. Walker*, 198 B.R. 476, 482–83 (Bankr.E.D.Va.1996) (reasoning that, because the relevant bankruptcy was closed, there was no bankruptcy estate to be affected by the state court litigation, thereby precluding a finding of jurisdiction under section 1334).

■ Further, to determine whether this court has jurisdiction over this lawsuit pursuant to bankruptcy, this court may look to the principles of equitable remand, Title 28 U.S.C. § 1452(b),[5] or discretionary abstention, Title 28 U.S.C. § 1334(c)(1).[6] Related in scope and thrust; these two doctrines provide that; with respect to actions over which subject matter jurisdiction exists by way of bankruptcy, the district court may find that remand or abstention is appropriate by weighing the following factors:

(1) the effect or lack thereof on the efficient administration of the estate if the court recommends abstention;

(2) the extent to which state law issues predominate over bankruptcy issues;

(3) the difficult or unsettled nature of applicable law;

(4) the presence of related proceedings commenced in state court or other non-bankruptcy proceedings;

(5) any jurisdictional bases, other than 28 U.S.C. § 1334;

(6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

(7) the substance rather than the form of an asserted core proceeding;

(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

(9) the burden of the bankruptcy court's docket;

(10) the likelihood that commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

(11) the existence of a right to a jury trial;

(12) the presence in the proceeding of nondebtor parties;

(13) comity; and

(14) the possibility of prejudice to other parties in the action.

*Davis v. Life Investors Ins. Co. of America*, 282 B.R. 186 (S.D.Miss.2002) (citing *Searcy v. Knostman*, 155 B.R. 699, 710 (S.D.Miss.1993)).

■ So, even were this court to limit its jurisdictional gaze over this lawsuit to the circumstances which existed when this lawsuit was removed from state court to this federal forum, this court still could

---

**5.** Title 28 U.S.C. § 1452(b) provides in pertinent part: "The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground."

**6.** Title 28 U.S.C. § 1334(c)(1) provides: "Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceedings arising under title 11 or arising in or related to a case under title 11."

remand this lawsuit to state court under principles of equitable remand and discretionary abstention. This court, persuaded to apply those principles to this circumstance, hereby remands this case to state court.

Accordingly, this court hereby grants plaintiffs' motion to remand. Plaintiffs and defendant Pat Peck Nissan have agreed to an order of dismissal dismissing defendant Pat Peck Nissan from this litigation. Said order is by a separate instrument. The Clerk of Court should send the files of this lawsuit to the Circuit Court of Holmes County, Mississippi.