In re B.J. WADE, S.S. No. XXX–XX–XXXX, Debtor.

Glassman, Edwards, Wyatt, Tuttle & Cox, P.C., Plaintiff,

v.

B.J. Wade, the above-named Chapter 7 Debtor, Defendant.

Bankruptcy No. 13–21432–K.
Adversary Nos. 13–00197, 13–00208.

United States Bankruptcy Court, W.D. Tennessee, Western Division.

Nov. 6, 2013.

E. Franklin Childress, Jr., Baker Donelson Bearman, Caldwell & Berkowitz, PC, Memphis, TN, John A. Day, Glassman, Edwards, Wyatt, Tuttle & Cox, Brentwood, TN, for Plaintiff.

Adam Eckstein, David Wade, Martin Tate Morrow & Marston, Russell W. Savory, Memphis, TN, for Defendant.

## MEMORANDUM AND ORDER RE DEFENDANT'S "MOTION TO STAY FILED IN ADVERSARY PROCEEDING NOS. 13–00197 & 13–00208 PENDING APPEAL" COMBINED WITH RELATED ORDERS AND NOTICE OF THE ENTRY THEREOF

DAVID S. KENNEDY, Chief Judge.

### Introduction

In each of the two above-captioned adversary proceedings the defendant/the above-named Chapter 7 debtor, B.J. Wade ("Mr. Wade"), filed a "Motion for Stay in Adversary Proceeding Nos. 13–00197 & 13–00208 Pending Appeal" pursuant to Fed. R. Bankr.P. 8005, involving the plaintiff, Glassman, Edwards, Wyatt, Tuttle & Cox, P.C. ("Law Firm").

### Background Facts

The relevant background facts may be briefly summarized as follows: On May 4, 2011, the Law Firm filed a lawsuit in the Chancery Court of Shelby County, Tennessee against Mr. Wade, a former partner of the Law Firm, alleging primarily fraud, breach of fiduciary duty, and conversion. The Law Firm also filed an earlier lawsuit against Ms. Shannon Crowe ("Ms. Crowe"), a former paralegal at the Law Firm. Mr. Wade and Ms. Crowe each filed motions to dismiss or in the alternative to compel arbitration and for a stay of the lawsuits pending resolution of compulsory arbitration. The Chancery Court consolidated the lawsuits and stayed discovery except as to whether the lawsuits were subject to the process of compulsory arbitration. The Chancery Court then ordered the parties to engage in mediation and to disclose "all necessary documents to conduct a meaningful attempt at resolution" despite the prior order limiting discovery. Mr. Wade and Ms. Crowe filed a motion to vacate this order that was denied; and they then sought an extraordinary appeal before the Tennessee Supreme Court. Before the Tennessee Supreme Court could rule on the extraordinary appeal, Mr. Wade filed an original Chapter 7 petition under the Bankruptcy Code on February 10, 2013, which had the effect of staying all actions against him before the Tennessee Supreme Court and also the Chancery Court.

After Mr. Wade commenced this Chapter 7 "no-asset" case, Lynda F. Teems, Esquire was appointed the Chapter 7 Trustee of the § 541(a) estate ("Trustee") by the United States Trustee for Region 8. James E. Bailey, III, Esquire, was employed by the Trustee under § 327(a) as her attorney. May 17, 2013, was originally fixed as the bar date for the filing of § 727(a) objections to Mr. Wade's discharge and also § 523(c) nondischargeability complaints against Mr. Wade. The court extended these bar dates to November 5, 2013 at the requests of the United States Trustee and the Chapter 7 Trustee. On November 4, 2013, these bar dates were further extended to February 5, 2014, for both the United States Trustee and the Chapter 7 Trustee.

Ten days after the Chapter 7 case was filed, Mr. Wade moved for relief from automatic stay to allow the Tennessee Supreme Court to address his extraordinary appeal and to allow the Chancery Court

action to proceed; the Law Firm objected thereto to which Mr. Wade then responded in opposition. At the initial hearing, this court bifurcated Mr. Wade's § 362(d)(1) motion for relief from the stay, and "modified" the stay to allow the Tennessee Supreme Court to address the extraordinary appeal and held the remaining requests for relief in abeyance until the August 7, 2013 hearing. On April 30, 2013, the Tennessee Supreme Court vacated the Chancery Court's mediation order and remanded the case for a determination on the motions to compel arbitration and limited discovery regarding the issue of whether the arbitration provision should be enforced.[1]

On May 2, 2013, the Law Firm filed a motion for Mr. Wade's Fed. R. Bankr.P. 2004 examination and also for production of documents by Mr. Wade pursuant to Fed. R. Bankr.P.2004(c). This motion was granted by an order of this court entered on May 6, 2013. Before the Rule 2004 examination was conducted, Mr. Wade filed a motion to quash it, and the Law Firm objected thereto.

On May 10, 2013, the Law Firm removed its lawsuit against Mr. Wade pending before the Chancery Court to the bankruptcy court under 28 U.S.C. § 1452(a) and Fed. R. Bankr.P. 9027(a) by filing a "Notice of Removal" which was assigned an adversary proceeding number by the Bankruptcy Court Clerk, being No. 13–00197, in accordance with Fed. R. Bankr.P. 7001(10). In addition, the Law Firm voluntarily dismissed the Chancery Court lawsuit against Ms. Crowe. On June 18, 2013, Mr. Wade, in response, filed a motion seeking remand of the removed lawsuit under 28 U.S.C. § 1452(b) and Fed. R. Bankr.P. 9027(d) and also for mandatory proceeding abstention under 28 U.S.C. § 1334(c)(2) or, alternatively for permissive/discretionary proceeding ab-

stention under 28 U.S.C. § 1334(c)(1). The Law Firm objected thereto.

On May 16, 2013, the Law Firm filed Adv. Proc. No. 13–00208 in the bankruptcy court against Mr. Wade seeking a nondischargeable judgment of its unliquidated, disputed claims under 11 U.S.C. § 523(a)(2), (4), and (6). See 11 U.S.C. § 523(c). On June 18, 2013, Mr. Wade filed a motion for discretionary abstention under 28 U.S.C. § 1334(c)(1), and the Law Firm objected thereto. See Fed. R. Bankr.P. 5011(b).

On August 7, 2013, the bankruptcy court held hearings on, among other proceedings, Mr. Wade's motions seeking mandatory abstention under 28 U.S.C. § 1334(c)(2), permissive abstention under 28 U.S.C. § 1334(c)(1), and remand of the removed lawsuit under 28 U.S.C. § 1452(b). On August 13, 2013, the court issued its "Memorandum and Order Re Multiple Pending Core Proceedings Combined With Related Orders and Notices and Notice of The Entry Thereof" whereby the court denied Mr. Wade's motions seeking mandatory abstention, permissive abstention, and remand. On August 27, 2013, Mr. Wade filed a "Notice of Appeal to the District Court" (unaccompanied by a motion for leave to appeal). Mr. Wade also elected to have the appeal heard by the District Court rather than the Sixth Circuit Bankruptcy Appellant Panel. See Fed. R. Bankr.P. 8001(e)(1).

After denying Mr. Wade's motions for mandatory and permissive abstention and remand, the bankruptcy court held a status conference on October 10, 2013, to address Mr. Wade's pending "Motion To Dismiss, or in the Alternative, to Compel Arbitration and Stay Proceedings Pending Resolution of Arbitration." At the status

---

1. *Glassman, et al. v. Wade,* 404 S.W.3d 464 (Tenn.2013).

conference, Mr. Wade, by counsel, stated that he believed the "Notice of Appeal" automatically stayed the bankruptcy court from proceeding further in the above-captioned consolidated bankruptcy adversary proceedings; and therefore, the bankruptcy court should hold in abeyance all matters until such time as the appeal became final. The Law Firm appeared by counsel and stated at the status conference that Mr. Wade had not filed a motion to stay pending the appeal, pursuant to Fed. R. Bankr.P. 8005, and that, absent the granting of such motion, the Law Firm was prepared to proceed on Mr. Wade's motion to dismiss or in the alternative to compel arbitration. The court continued the status conference on the instant motion to November 4, 2013, to allow Mr. Wade an opportunity to further consider and possibly file a Fed. R. Bankr.P. 8005 motion seeking a stay pending the appeal and to provide the court and the parties' additional time to also consider the resulting impact of Mr. Wade's "Notice of Appeal." On October 18, 2013, Mr. Wade filed a Rule 8005 "Motion to Stay in Adversary Proceeding Nos. 13–00197 & 13–00208 Pending Appeal." The Law Firm responded in opposition thereto. This court held a hearing on Mr. Wade's Rule 8005 motion to stay pending appeal alongside the related status conference on November 4, 2013. A judicial determination on the Rule 8005 stay motion and the objection thereto were taken under submission. This opinion/order addresses the matters taken under submission.

### Status of Mr. Wade's Appeal

As a preliminary issue, it is noted that a Rule 8005 stay motion pending appeal may only be granted if there is a valid appeal pending. "The district courts of the United States have jurisdiction to hear appeals (1) from final judgments, orders, and decrees; … and (3) with leave of the court, from … interlocutory orders and decrees; of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of [title 28]...." 28 U.S.C. § 158(a). "An appeal from an interlocutory judgment, order or decree of a bankruptcy judge as permitted by 28 U.S.C. § 158(a)(3) shall be taken by filing a notice of appeal … accompanied by a motion for leave to appeal prepared in accordance with Rule 8003 and with proof of service in accordance with Rule 8008." Fed. R. Bankr.P. 8001(b). "If a required motion for leave to appeal is not filed, but a notice of appeal is timely filed, the district court … may grant leave to appeal or direct that a motion for leave to appeal be filed. The district court … may also deny leave to appeal but in so doing shall consider the notice of appeal as a motion for leave to appeal. Unless an order directing that a motion for leave to appeal be filed provides otherwise, the motion shall be filed within 14 days of entry of the order." Fed. R. Bankr.P. 8003(c).

Before granting or denying the instant Rule 8005 motion for stay pending appeal, the bankruptcy court should, as a threshold matter, determine if a valid appeal exists. If a notice of appeal is filed regarding a final judgment, order or decree, the district court clearly has appellate jurisdiction in bankruptcy matters and a valid appeal exists. In such situations, the bankruptcy court may properly address a filed Rule 8005 motion for stay pending appeal. Contrarily, the district court has appellate jurisdiction over an appeal of an interlocutory order only after the district court grants leave to appeal upon a properly filed motion for leave to appeal or a properly filed notice of appeal considered by the district court as a motion for leave to appeal. Of course, by virtue of Fed. R. Bankr.P. 8003(c) if a required motion for leave to appeal is not filed, but a notice of appeal is timely filed,

the district court (or bankruptcy appellate panel) may grant leave to appeal or direct that a motion for leave to appeal be filed. The district court (or the bankruptcy appellate panel) also may deny leave to appeal but in so doing shall consider the notice of appeal as a motion for leave to appeal. Absent this granting of leave to appeal, the district court arguably does not have appellate jurisdiction over the interlocutory orders submitted for appeal, and a Rule 8005 motion for a stay pending appeal is, in essence, moot.

Mr. Wade timely filed a "Notice of Appeal" on August 27, 2013, regarding the bankruptcy court's August 13, 2013 "Memorandum and Order" that, among other things, denied Mr. Wade's motions for mandatory abstention, permissive abstention, and remand regarding the Law Firm's removed Chancery Court lawsuit and its § 523(c) bankruptcy dischargeability complaint. This "Notice of Appeal" was not accompanied by a Fed. R. Bankr.P. 8003 motion for leave to appeal under 28 U.S.C. § 158(a)(3). As noted earlier, Mr. Wade filed the instant motion seeking a Rule 8005 stay pending appeal on October 18, 2013.

Now, the bankruptcy court addresses whether, in its opinion, the August 13, 2013 order denying mandatory abstention, permissive abstention, and remand was an interlocutory or final order. "A final judgment is one which disposes of the whole subject, gives all the relief that was contemplated, provides with reasonable completeness, for giving effect to the judgment and leaves nothing to be done in the cause save to superintend, ministerially, the execution of the decree." *City of Louisa v. Levi*, 140 F.2d 512 (6th Cir.1944). "A bankruptcy proceeding ... involves a congeries of functionally distinct cases, the resolution of some of which (say a third-party adversary action) may create a final

decision." *In re Lindsey*, 726 F.3d 857, 860 (6th Cir.2013).

The Sixth Circuit Court of Appeals in the unpublished opinion of *In re Gentry*, 127 F.3d 1102 (table), 1997 WL 664747 (6th Cir.1997), held that an order denying abstention is "clearly interlocutory" and not appealable under the collateral order exception to the final judgment rule established in *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 116 S.Ct. 1712, 1718–1719, 135 L.Ed.2d 1 (1996). Orders denying abstention are treated differently than order granting abstention because orders denying abstention are treated as interlocutory while orders granting abstention fall under the collateral order exception. *See,* for example, *Mt. McKinley Ins. Co. v. Corning Inc.*, 399 F.3d 436, 442–443 (2nd Cir. 2005); *Beightol v. UBS Painewebber,* 354 F.3d 187, 189 (2nd Cir.2004); *RRI Realty Corp. v. Inc. Village of Southampton,* 766 F.2d 63, 65 (2d Cir.1985); *Matter of Rupp & Bowman Co.,* 109 F.3d 237, 240 (5th Cir.1997); *Summers v. Leis,* 368 F.3d 881, 889 (6th Cir.2004); *Tarrant Regional Water Dist. v. Sevenoaks,* 545 F.3d 906 (10th Cir.2008); *compare In re Midgard Corp.* 204 B.R. 764 (10th Cir. BAP 1997) (holding bankruptcy order denying mandatory abstention is a final, reviewable order under collateral order exception). Based on this case law, the bankruptcy court respectfully opines that its August 13, 2013 order was an interlocutory order within the Fed. R. Bankr.P. 7042 consolidated Adversary Proceedings, being nos. 13–00197 and 13–00208. The August 13, 2013 order merely denied mandatory and permissive abstention and remand and did not dispose of the entire subject disputed in the consolidated adversary proceedings. Upon the bankruptcy court issuing a final judgment on the Law Firm's removed lawsuit and its § 523(c) nondischargeability complaint, that judgment along with the order deny-

ing abstention and remand would be appealable final orders subject to the provisions of 28 U.S.C. § 158(a)(1) and Fed. R. Bankr.P. 8001(a).

It appears to the court that the appeal here may regard interlocutory orders, and the district court to date apparently has not yet been asked to act on the notice of appeal to grant leave to appeal as allowed under Fed. R. Bankr.P. 8003(c). As leave apparently has not yet been granted by the District Court, it seems to this court that a proper appeal does not exist at this time and the District Court is not required to exercise appellate jurisdiction. Accordingly, the Rule 8005 motion for stay pending appeal perhaps is moot. However, in deference to the pending matters in the District Court and to mitigate the need to relitigate the Rule 8005 motion for stay pending appeal were the District Court to remedy the apparent defects in Mr. Wade's attempt to appeal in accordance with Fed. R. Bankr.P. 8003(c), the bankruptcy court will proceed to address the merits of Mr. Wade's motion for Rule 8005 stay pending appeal so as to provide a full record on review.

## The Necessity of a Stay Pending Appeal

■ Mr. Wade, inter alia, argues that a bankruptcy court is divested of jurisdiction with respect to matters raised in an appeal to a higher court. *See In re Bryant,* 175 B.R. 9, 13 (W.D.Va.1994); *In re Bialac,* 694 F.2d 625, 627 (9th Cir.1982); *Matter of Urban Development Ltd., Inc.,* 42 B.R. 741, 743 (Bankr.M.D.Fla.1984). Under this argument, the bankruptcy proceedings on appeal are automatically stayed and a stay pending appeal may not be necessary. Again preliminarily, this argument may be flawed because the instant "appeal" may involve interlocutory orders and because the District Court has not established jurisdiction by granting Mr. Wade leave to

appeal. For the sake of argument, the bankruptcy court cannot be divested of jurisdiction until such time as an appellate court has exercised appellate jurisdiction under federal law. Even if the District Court permissively remedies the apparent defects in Mr. Wade's appeal, the bankruptcy court does not find his instant Rule 8005 arguments persuasive on the merits.

Here, Mr. Wade primarily asserts the law as interpreted in *In re Bryant, supra,* where a district court in the Western District of Virginia determined that the trial court is divested of jurisdiction over matters "closely" and "sufficiently" related to the appeal in order to avoid "meaningless and conflicting adjudications." *In re Bryant,* 175 B.R. at 12–13. The pendency of the appeal did not disturb the trial court's ability to enforce its order unless such judgment was superseded or stayed. *Id.* In addition, the trial court retains jurisdiction over an appealed matter when the appeal is clearly frivolous or the order is not appealable. *Id.*

Mr. Wade's citation to the *Bryant* case is distinguishable from the instant case because the *Bryant* case regarded a second matter that was so closely and sufficiently related to a separate first matter on appeal that adjudication of the second matter would result in a potentially conflicting adjudication of the first matter already on appeal. In contrast, the instant consolidated bankruptcy adversary proceeding does not have two closely and sufficiently related matters but rather only interlocutory issues to the ultimate final matter regarding the removed claim (and the § 523(c) action). The Fourth Circuit in an unpublished opinion specifically addressed the *Bryant* case and likewise attempted to limit its application. *In re Hollowell,* 95 F.3d 42 (table only), 1996 WL 482693 (4th Cir.1996) (unpublished). Furthermore, that court went on to cite

two published cases that are relevant to this discussion: *Matter of Christian & Porter Aluminum Co.,* 584 F.2d 326, 334 (9th Cir.1978), and *Mavity v. Associates Discount Corp.,* 320 F.2d 133, 136 (5th Cir.1963), cert. denied, 376 U.S. 920, 84 S.Ct. 677, 11 L.Ed.2d 615 (1964).

■ "The general rule that a properly filed notice of appeal deprives the trial court of jurisdiction to proceed further except by leave of the appellate court does not apply in bankruptcy proceedings." *Matter of Christian & Porter Aluminum Co.,* 584 F.2d 326, 334 (9th Cir.1978). "The Trustee in a bankruptcy proceeding is expected and encouraged to proceed with administration of the estate after the entry and during the appeal of an order of adjudication." *Id.*

■ "Proceedings in bankruptcy should not halt merely because interlocutory orders are appealed from the [bankruptcy court.] [A] case should continue to be adjudicated on the merits by the [bankruptcy court] unless the order appealed from was of such a nature as to render further proceedings useless." *Mavity v. Associates Discount Corp.,* 320 F.2d 133, 136 (5th Cir.1963), cert. denied, 376 U.S. 920, 84 S.Ct. 677, 11 L.Ed.2d 615 (1964) (citing *Georgia Jewelers, Inc. v. Bulova Watch Co.* (the *"Georgia Watch"* case), 302 F.2d 362 (5th Cir.1962)).

The bankruptcy court is aware and familiar with the Fifth Circuit's *Georgia Watch* and finds it applicable to the instant question. There the Fifth Circuit issued "a remonstrance" against the manner in which the appeals halted all further activity in the bankruptcy proceedings. *Id.* at 370. The court criticized the bankruptcy court because it had not proceeded to resolve the crucial issues regarding the debtor's actions. *Id.*

The situation portrayed here is similar to that we often see when, the parties or the Court, or both, *mistakenly assume* that in every routine appeal from [an interlocutory order] the case cannot go forward for trial on the merits. There are occasions, of course, when proceedings in the trial Court must, or as a matter of sound discretion properly should, be held in abeyance pending authoritative resolution of the appeal.... This serves a dual purpose. It first protects all from wasteful, time-consuming, expensive proceedings which are apt to be rendered useless by the decision on the interlocutory appeal. But second, it envisages a congressional purpose that the machinery move on unless a showing is made that a specified portion should remain in abeyance for a specified time and purpose.

*Id.* (emphasis added).

Also, Mr. Wade cites *In re Bialac,* which, like the *Bryant* case, has two closely and sufficiently related matters and is distinguishable from the consolidated instant case. *See In re Bialac,* 694 F.2d 625 (9th Cir.1982). The *Bialac* court specifically held that a bankruptcy court may not vacate or modify an order while on appeal. *Id.* at 627. In the instant consolidated case, the bankruptcy court is not vacating or modifying the mandatory or permissive abstention order or remand order on appeal; instead, it is proceeding with the administration of the estate and the determination of the removed lawsuit (and the § 523(c) action) consistent with *Christian & Porter Aluminum Co.* and *Georgia Watch.*

Finally, Mr. Wade cites *Matter of Urban Development Ltd., Inc.,* 42 B.R. 741, 743 (Bankr.M.D.Fla.1984). This court has a different interpretation of this Florida decision. In the Florida case, the bankruptcy court held that the pendency of an

appeal regarding a bankruptcy court order granting relief from stay had no impact on the jurisdiction of the bankruptcy court to consider a motion to sell property, even though it was the same property subject to the order granting relief from the automatic stay. *Id.* at 745.

 This bankruptcy court, after considering the three cases cited by Mr. Wade and also *Christian & Porter Aluminum Co.* and *Georgia Watch*, determines that a notice of appeal regarding an interlocutory order does not automatically stay the bankruptcy case administration or the pending adversary proceedings. Instead, a party seeking to have bankruptcy court actions stayed must bring an independent, stand alone motion for stay pending appeal pursuant to Fed. R. Bankr.P. 8005, and, upon such motion, the bankruptcy court will consider and determine whether a stay pending appeal is appropriate under all the circumstances.

### Motion for Stay Pending Appeal

 In addition to questioning the bankruptcy court's jurisdiction while an appeal is pending, Mr. Wade moved for the bankruptcy court to stay pending appeal matters concerning adversary proceedings Nos. 13–00197 and 13–00208. Stays pending appeal are subject to Fed. R. Bankr.P. 8005. Similar to Fed. R. Bankr.P. 8005, Fed. R.App. P. 8(a) provides a procedure for stays pending appeal from a district court judgment to the court of appeals. In determining whether a stay should be granted under Fed. R.App. P. 8(a), the Sixth Circuit applies the four factors that are traditionally considered in determining whether a preliminary injunction should be granted:

(1) The likelihood that the party seeking the stay will prevail on the merits of the appeal;

(2) the likelihood that the moving party will be irreparably harmed absent a stay;

(3) the prospect that others will be harmed if the court grants the stay; and

(4) the public interest in granting the stay.

*Mich. Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir.1991); *see* also Fed. R. Bankr.P. 8017. "These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together." *Id.* Appellate Rule 8(a) and Bankruptcy Rule 8005 appear analogous, and the court adopts the *Griepentrog* factors for purposes of analysis under Fed. R. Bankr.P. 8005. *See*, for example, *In re Best Reception Systems, Inc.*, 219 B.R. 988 (Bankr.E.D.Tenn.1998).

### Likelihood of Success

 The mere possibility of success on the merits is not enough to justify a Rule 8005 stay; there must be a strong or substantial likelihood or probability of success on the merits. *Mason County v. Knebel*, 563 F.2d 256, 261 n. 4 (6th Cir. 1977). Here, it appears that there are essentially two issues on appeal. The first issue is whether mandatory abstention under 28 U.S.C. § 1334(c)(2) and remand under 28 U.S.C. 1452(a) apply in adversary proceeding no. 13–00197. This bankruptcy court determined that the removed lawsuit was a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (G), (I), and (J) and, as a core proceeding, the removed lawsuit was not subject to mandatory abstention under 28 U.S.C. § 1334(c)(2). This issue is a question of law that will be reviewed de novo by the appellate District Court. The second issue is whether the bankruptcy court abused its discretion in denying Mr. Wade's motion for permissive abstention

under 28 U.S.C. § 1334(c)(1) and for remand under 28 U.S.C. § 1452(b).

■ Regarding the first issue, this court is overwhelmingly convinced that the removed lawsuit is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (G), (I), and (J); is not subject to mandatory abstention under 28 U.S.C. § 1334(c)(2); and will survive the District Court's de novo review. It is emphasized here that in the removed action the Law Firm asserts claims against Mr. Wade—and not vice versa.

> For mandatory abstention to apply, a proceeding must: (1) be based on a state law claim or cause of action; (2) lack a federal jurisdictional basis absent the bankruptcy; (3) be commenced in a state forum of appropriate jurisdiction; (4) be capable of timely adjudication; and (5) be a non-core proceeding.

*In re Dow Corning Corp.*, 86 F.3d 482, 497 (6th Cir.1996). Here, the first four factors are satisfied because the Law Firm's removed lawsuit is based on state law, lacks federal jurisdiction absent the bankruptcy case, was commenced in a state forum of appropriate jurisdiction, and is likely to be timely adjudicated in that forum. However, the fifth factor regarding the proceeding being a non-core proceeding cannot be met in this instant proceeding.

■ Three types of proceedings under 28 U.S.C. §§ 1334(b) and 157(a) may be referred by district courts to the bankruptcy courts:

> (1) Proceedings that arise under title 11 ("arising under");
>
> (2) proceedings that arise in a case under title 11 ("arising in"); and
>
> (3) proceedings that merely relate to the title 11 case but do not arise under title 11 or in a case under title 11 ("related to").

See 28 U.S.C. § 157(a); Miscell. Order No. 84–30 (W.D. Tenn. 1984). Bankruptcy judges may hear and determine the first two proceeding types (*i.e.*, "arising under" and "arising in") as "core proceedings." 28 U.S.C. § 157(b)(1). Bankruptcy judges may hear "related to" proceedings as "non-core proceedings" but may only issue proposed findings and conclusions of law. 28 U.S.C. § 157(c)(1). However, the bankruptcy court may hear and determine non-core proceedings if all the parties consent to bankruptcy court adjudication. 28 U.S.C. § 157(c)(2). Furthermore, if a "related to" proceeding is based on a State law claim or a State law cause of action, the bankruptcy court shall abstain from hearing such non-core proceeding. 28 U.S.C. § 1334(c)(2). "Arising under" and "arising in" proceedings are not subject to the same mandatory abstention. 28 U.S.C. § 1334(c)(2).

■ Here, the Law Firm's removed Chancery Court lawsuit in adversary proceeding no. 13–00197 is a claim against Mr. Wade and the 11 U.S.C. § 541 property of the bankruptcy estate because, to the extent that assets become available, the property of the estate will be distributed towards that claim, if allowed, and any other creditors' allowed claims. Property of the § 541(a) estate, wherever located and by whomever held, is within the exclusive derivative jurisdiction of the bankruptcy court. 28 U.S.C. § 1334(e). The claims allowance process, 11 U.S.C. §§ 501–511, is a fundamental, statutory process involving bankruptcy proceedings. Bankruptcy courts have both core subject matter jurisdiction under 28 U.S.C. § 157(b)(2)(B) and final authority under the U.S. Constitution to decide proceedings arising in the claims allowance process. *See Stern v. Marshall*, —— U.S. ——, 131 S.Ct. 2594, 2618, 180 L.Ed.2d 475 (2011) ("[T]he question is whether the action at issue stems from the bankruptcy

itself or would necessarily be resolved in the claims allowance process."). Proceedings arising in the claims allowance process are by statutory definition "core proceedings" under 28 U.S.C. § 157(b)(2)(B). Therefore, the adjudication of the Law Firm's removed lawsuit and concomitant claims against Mr. Wade indeed are core proceedings arising in the claims allowance process. The Law Firm subjected itself to the claims allowance process and, therefore, bankruptcy jurisdiction by removing the lawsuit filed in the State Court to this bankruptcy court under 28 U.S.C. § 1452(a) and Fed. R. Bankr.P. 9027(a). As a core proceeding, the removed claim is not subject to mandatory abstention under 28 U.S.C. § 1334(c)(2). *In re Dow Corning Corp.*, 86 F.3d 482, 497 (6th Cir.1996); *see* also *In re Lowebraun*, 453 F.3d 314 (6th Cir.2006).

■■■ Furthermore, the Law Firm filed a nondischargeability complaint in Adv. Proc. No. 13–00208 seeking, in essence, to have the removed claims determined to be nondischargeable under 11 U.S.C. § 523(a)(2), (4), and (6). See 11 U.S.C. § 523(c). Determinations of nondischargeability under 11 U.S.C. § 523(a)(2), (4), and (6) are *exclusive* to the bankruptcy court and cannot be remanded to or decided by the State Court or subject to arbitration. *See* 11 U.S.C. § 523(c); *Brown v. Felsen*, 442 U.S. 127, 129–130, 136, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979); *Grogan v. Garner*, 498 U.S. 279, 284 n. 10, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). For dischargeability to be determined, the underlying claim (here, the removed lawsuit) must be resolved and liquidated. *See In the Matter of Eber*, 687 F.3d 1123 (9th Cir.2012). Determinations as to the nondischargeability of certain debts clearly are core proceedings. 28 U.S.C. § 157(b)(2)(I). Also, objections to discharge under 11 U.S.C. § 727(a) are core

proceedings. 28 U.S.C. § 157(b)(2)(J). Furthermore, matters concerning the administration of the estate also are core proceedings. 28 U.S.C. § 157(b)(2)(A). As discussed earlier, the proceedings arising in the claims allowance process are clearly core proceedings. 28 U.S.C. § 157(b)(2)(B).

In addition to the removed claim under 28 U.S.C. § 1452(a) being a core proceeding under 28 U.S.C. § 157(b)(2)(B) regardless of the separate nondischargeability complaint, the existence of the nondischargeability complaint only furthers the "hard core" nature of the removed lawsuit because, for purposes of determining nondischargeability, the removed lawsuit must be resolved, liquidated, and decided. This liquidation and resolution fundamentally concerns administration of the estate, the claims allowance process, and determinations of dischargeability. Indeed, as has been demonstrated, the removed lawsuit is not only a core proceeding; it is a "hard core" proceeding because its resolution and liquidation are essential to the administration of the bankruptcy case and the § 541(a) estate. The removed lawsuit is not merely an ancillary, "related to" State law claim. It is the type of State law claim that is brought on daily basis by thousands of creditors and arising in bankruptcy cases across the country.

Based on the foregoing discussion, this bankruptcy court believes that Mr. Wade's appellate efforts regarding the mandatory abstention issue under 28 U.S.C. § 1334(c)(2) are not meritorious and that Mr. Wade will not likely prevail on appeal. Regarding the mandatory abstention issue under 28 U.S.C. § 1334(c)(2), Mr. Wade cannot satisfy the first factor of the *Griepentrog* test, as he is not likely to prevail on appeal.

■■■ Regarding the second issue, Mr. Wade has a much higher burden to

carry as he must prove the bankruptcy court abused its discretion by denying permissive proceeding abstention under 28 U.S.C. § 1334(c)(1) and remand and 28 U.S.C. § 1452(b). "An abuse of discretion is defined as a 'definite and firm conviction that the court below committed a clear error of judgment.'" *In re M.J. Waterman & Associates, Inc.*, 227 F.3d 604, 607–608 (6th Cir.2000) (citing *Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 770 (6th Cir.1999)). "The question is not how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion." *Id.*

This bankruptcy court noted in its August 13, 2013 "Memorandum and Order* * *:" The centralization of all claims and potential claims in one forum is a primary consideration here, especially since the Law Firm consented to the bankruptcy jurisdiction after Mr. Wade invoked the protections of the bankruptcy court." Both the Law Firm and Mr. Wade have consented to the bankruptcy court's adjudication: the Law Firm removed its Chancery Court lawsuit to this court under 28 U.S.C. § 1452(a) and Fed. R. Bank. P. 9027(a), and Mr. Wade voluntarily filed his Chapter 7 bankruptcy petition under 11 U.S.C. § 301. A bankruptcy case may involve numerous proceedings and various parties in interest and many of the facts and circumstances sometimes overlap. Here, the bankruptcy court essentially retained all of the proceedings to assure that they are resolved as consistently in one centralized forum (which does not, ipso facto, preclude the arbitration matter to be determined later by the court). In addition, the court weighed 14 different factors when determining whether to permissively abstain under 28 U.S.C. § 1334(c)(1) and remand 28 U.S.C. § 1452(b). *See,* for example, *Archer v. Nissan Motor Acceptance,* 324 F.Supp.2d 805, 809 (S.D.Miss. 2004).

The court has weighed the colorable and actual arguments and determined that based on the totality of the facts and circumstances and applicable law, resolving the Law Firm's removed lawsuit alongside the § 523(c) nondischargeability complaint and all other matters that have arisen and may arise in this Chapter 7 bankruptcy case will best serve the interests of both parties, the interests of justice, and further Congress' articulated bankruptcy policies and judicial goals. Fragmenting the bankruptcy case and estate administrations should only be done where it would serve a real and meaningful purpose. Here, there is no significant purpose for the fragmentation, as the applicable State law appears ordinary and settled, the State court action was in its very early stages, and the doctrine of comity will not be trampled upon. In contrast, the bankruptcy court is now better positioned to efficiently administer the estate if the removed lawsuit is retained (with or without arbitration). This consolidated case involves both bankruptcy and State law issues; there are no other related proceedings in State court; the removed lawsuit arises in the claims allowance process and is a "hard core" proceeding; the bankruptcy court (or possibly an arbitrator) will not be unduly burdened; and there is potential to eliminate possible ping-pong jurisdiction between the State Court and the bankruptcy court. For these reasons and also the reasons discussed in the court's August 13, 2013 "Memorandum and Order," the bankruptcy court finds here that the appellate District Court is unlikely to find that the bankruptcy court abused its discretion. Therefore, the bankruptcy court finds that Mr. Wade is unlikely to prevail on the merits of an appeal on all issues.

### Irreparable Injury

In evaluating the irreparable injury factor, the court typically considers three factors:

(1) The substantiality of the injury alleged;

(2) the likelihood of its occurrence; and

(3) the adequacy of the proof provided.

*Griepentrog,* 945 F.2d at 154 (citing *Ohio ex rel. Celebrezze v. Nuclear Reg. Comm'n,* 812 F.2d 288, 290 (6th Cir.1987)). The harm alleged must be both certain and immediate, rather than speculative or theoretical. *Id.*

Mr. Wade in his October 18, 2013 "Motion to Stay Pending Appeal" states the injury to be avoided as follows: "Staying the Adversary Proceedings would further Mr. Wade's contractual right (and indeed Glassman Edwards's contractual right) to limit the judicial system's involvement in their dispute." In essence, Mr. Wade apparently believes that the bankruptcy court's decision to deny his motion to abstain and remand will violate his contractual right to compel arbitration and allow the federal bankruptcy judicial system to improperly intrude.

It is noted that Mr. Wade voluntarily filed the instant Chapter 7 case and subjected himself and his financial affairs to the provisions of the Bankruptcy Code, the applicable laws of the United States, and the Federal Rules of Bankruptcy Procedure. The bankruptcy court is prepared to address a threshold legal question here regarding whether the arbitration agreement is valid and compulsorily enforceable in the bankruptcy context. If it is, the bankruptcy court can cause the triggering and completion of the arbitration process. The bankruptcy court is prepared to exercise its discretion to determine whether arbitration should be compelled. At this time, the bankruptcy court has not made determinations regarding these arbitration questions. In fact, the bankruptcy court scheduled a status conference on October 10, 2013 to discuss Mr. Wade's "Motion to Dismiss, or in the Alternative, to Compel Arbitration and Stay Proceedings Pending Resolution of Arbitration." At the status conference, the bankruptcy court intended to begin the judicial process/procedure of establishing a scheduling framework to address and resolve Mr. Wade's pending motion to compel arbitration; however, Mr. Wade, by counsel, notified the court of his intention to file the instant motion seeking a Rule 8005 stay pending appeal.

Here, Mr. Wade's contractual rights will not be substantially harmed because those contractual rights were created under both the laws of the State of Tennessee and the United States of America. Mr. Wade's contracts, if valid, are subject to Tennessee contract law; the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.;* the Bankruptcy Code, title 11; and any other applicable laws. The bankruptcy court is purposed with applying such applicable laws, as is any court of law or equity. Therefore, Mr. Wade's contractual rights remain the same regardless of whether Mr. Wade prevails on his appeal, and no substantial actual injury is likely to result. Finally, Mr. Wade has provided no adequate proof that his contractual rights will be violated. This bankruptcy court again emphasizes that it will apply the applicable laws of both the State of Tennessee and the United States to determine Mr. Wade's "Motion to Dismiss, or in the Alternative, to Compel Arbitration and Stay Proceedings Pending Resolution of Arbitration."

It is noted that the parties may need to engage in substantial discovery to resolve the removed lawsuit regardless of whether an arbitrator, a state court judge, or a bankruptcy court judge is that adjudicator. Little to no traditional discovery regarding

the allegations of the removed lawsuit has been conducted to date between these parties because discovery in the State Court lawsuit was limited to the question of arbitration by the opinion of the Tennessee Supreme Court. The Law Firm and Mr. Wade have significant differences of opinion as to the veracity of all allegations and to the nature and value of any potential damages. These parties need to begin the process of resolving the removed lawsuit and the § 523(c) nondischargeability action. Any discovery that proceeds while the appeal is pending will be useful to the parties regardless of the forum that finally decides the claims. Therefore, if the bankruptcy court proceeds to resolve Mr. Wade's "Motion to Dismiss, or in the Alternative, to Compel Arbitration and Stay Proceedings Pending Resolution of Arbitration" and orders any discovery or arbitration, no irreparable injury will result.

### Harm to Others

■ The bankruptcy court notes that the removed lawsuit prior to bankruptcy case was a two-party dispute solely between the Law Firm and Mr. Wade; however, the filing of the voluntary Chapter 7 bankruptcy petition changed the nature of the dispute and inserted a third party: the Chapter 7 Trustee. The Trustee has broad § 704(a) statutory duties and responsibilities, among other things, to investigate the financial affairs of the debtor, generally manage the § 541(a) bankruptcy estate, object to the allowance of any claim that is improper, and perform the other statutory duties under 11 U.S.C. § 704. The Trustee is currently investigating Mr. Wade's financial affairs to determine whether, for example, to bring any avoidance actions or object to the general discharge under § 727(a). None of these actions have been filed to date, and the resolution of the removed lawsuit could potentially impact the Trustee's determination of whether to bring such actions, if

any. The Trustee is in the process of conducting a Fed. R. Bankr.P.2004 examination of Mr. Wade and has appeared and participated at all bankruptcy court hearings regarding the consolidated adversary proceeding.

The Trustee is an important party of interest to the removed lawsuit and can appear and be heard on the matter. See 11 U.S.C. § 323; *Stephenson v. Malloy,* 700 F.3d 265 (6th Cir.2012). Remanding the claim to State Court would further complicate the trustee's duties because the Trustee would be required to follow litigation protocol and requirements in two fora. In addition, staying the actions of the bankruptcy court pending the instant appeal would slow down the bankruptcy court administration and potentially slow down the trustee's ability to carry out her duties. Therefore, the granting of the Rule 8005 stay pending appeal would actually harm the administration of the bankruptcy estate and also would harm the Chapter 7 Trustee because it will unnecessarily delay the bankruptcy case as a whole without any likelihood of success in the appeal and without any irreparable injury resulting to Mr. Wade.

### The Public Interest

■ In the instant consolidated case, there appears to be no significant public interest that would be furthered by staying these two bankruptcy adversary proceedings pending appeal. The appeal essentially regards a forum dispute: whether the bankruptcy court, the state court, or potentially an arbitrator should try the removed lawsuit and the underlying liability issues in the § 523(c) bankruptcy nondischargeability lawsuit. Each of the fora is perfectly capable of resolving and liquidating the removed lawsuit, though some may be better situated to resolve it more expeditiously and expedi-

ently. The choice of forum neither impacts public safety nor substantially affects public interests. The bankruptcy courts frequently apply the applicable laws of the State and the United States and to carry out the policies and goals of the Bankruptcy Code: (1) "to covert the estate of the bankrupt into cash and distribute it among creditors" and (2) "to give the bankrupt a fresh start." *Burlingham v. Crouse,* 228 U.S. 459, 473, 33 S.Ct. 564, 57 L.Ed. 920 (1913); *see* also *Stellwagen v. Clum,* 245 U.S. 605, 617, 38 S.Ct. 215, 62 L.Ed. 507 (1918); *Kokoszka v. Belford,* 417 U.S. 642, 645–646, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974). As noted, the bankruptcy court is tasked to secure the just, speedy, and inexpensive determination of every case and proceeding. Fed. R. Bankr.P. 1001. These public policies motivated the bankruptcy court to deny the motion for permissive abstention and remand and, by effect, also resolve the Law Firm's removed lawsuit, whether by trying it or by ordering arbitration. After considering the public interest, all interests would be furthered by denying the motion for stay pending appeal.

### Conclusions

After considering the four *Griepentrog* factors, the bankruptcy court finds and concludes considering a totality of the particular facts and circumstances and applicable law that there is neither a strong nor substantial likelihood that Mr. Wade actually will prevail on appeal. In addition, no irreparable harm and no damage to public interests will result if the bankruptcy case and proceedings therein are not stayed; whereas, harm resulting from delay may result to the bankruptcy estate and the Chapter 7 trustee if the adversary proceedings are stayed pending appeal. Based on the totality of the particular facts and circumstances and applicable law as described herein and in the August 13,

2013 "Memorandum and Order" and based on the *Griepentrog* factors and other applicable law, the bankruptcy court denies Mr. Wade's instant motion seeking a stay pending appeal pursuant to Fed. R. Bankr.R. 8005.

Based on all the foregoing, Mr. Wade's "Motion to Stay in Adversary Proceeding Nos. 13–00197 & 13–00208 Pending Appeal" in each of the above-captioned adversary proceedings is denied.

The Bankruptcy Court Clerk is directed to cause a copy of this Memorandum, Order, and Notice to be sent to the following:

David Wade, Esq.
Adam J. Eckstein, Esq.
Attorneys for Mr. Wade
International Place, Tower II
6410 Poplar Ave., Suite 1000
Memphis, TN 38119
*aeckstein@martintate.com*
*WadeD@MartinTate.com*

Russell W. Savory, Esq.
Attorney for Mr. Wade
88 Union Ave., 14th Floor
Memphis, TN 38103
E-mail: *russell.savory@gwsblaw.com*

E. Franklin Childress, Jr., Esq.
M. Ruthie Hagan, Esq.
Attorneys for Law Firm
165 Madison # 2000
Memphis, TN 38103
E–Mail: *fchildress@bakerdonelson.com*
E–Mail: *rhagan@bakerdonelson.com*

John A. Day, Esq.
Attorney for Law Firm
5141 Virginia Way, Suite 279
Brentwood, TN 37027
E–Mail: *Jday@johndaylegal.com*

James E. Bailey, III, Esq.
Attorney for Chapter 7 Trustee
6075 Poplar Ave.
Memphis, TN 38119
E–Mail: *jeb.bailey@butlersnow.com*

Lynda F. Teems, Esq.
Chapter 7 Trustee
80 Monroe # 625
Memphis, TN 38103
E–Mail: *1teems1@aol.com*

U.S. Trustee
c/o Karen P. Dennis, Esq.
200 Jefferson # 400
Memphis, TN 38103
E–Mail: *Karen.P.Dennis@usdoj.gov*

David Blaylock, Esq.
Attorney for Commercial Bank & Trust
6000 Poplar Ave., # 400
Memphis, TN 38119
E–Mail: *dblaylock@glankler.com*